11-

B1 (Official Form 1)(1/08)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| **Summit Business Media Holding Company** | |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **FDBA B2B Media Holding Corp.** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) **20-5605547** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **475 Park Ave South, New York, NY** ZIP Code **10016** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP Code |
| County of Residence or of the Principal Place of Business: **New York** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |

Location of Principal Assets of Business Debtor (if different from street address above):

**Type of Debtor** (Form of Organization) (Check one box)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity** (Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:

- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:

- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

THIS SPACE IS FOR COURT USE ONLY

- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Summit Business Media Holding Company** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: <br> **See Exhibit 1** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

**X** ______________________________

Signature of Attorney for Debtor(s) (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

______________________________

(Name of landlord that obtained judgment)

______________________________

(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Summit Business Media Holding Company**

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ______________________
Signature of Debtor

X ______________________
Signature of Joint Debtor

______________________
Telephone Number (If not represented by attorney)

______________________
Date

### Signature of Attorney*

X Kimberly E. Lawson
Signature of Attorney for Debtor(s)

Kimberly E. Lawson, Esq. 3966
Printed Name of Attorney for Debtor(s)

Reed Smith LLP
Firm Name

1201 N. Market Street
Suite 1500
Wilmington, DE 19801
Address

Email: klawson@reedsmith.com
302-778-7500 Fax: 302-778-7575
Telephone Number

1/25/2011
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X Thomas M Flynn
Signature of Authorized Individual

Thomas M. Flynn
Printed Name of Authorized Individual

Chief Operating Officer and Chief Financial Officer
Title of Authorized Individual

1/25/2011
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X ______________________
Signature of Foreign Representative

______________________
Printed Name of Foreign Representative

______________________
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

______________________
Printed Name and title, if any, of Bankruptcy Petition Preparer

______________________
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

______________________
Address

X ______________________

______________________
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**RESOLUTIONS OF THE BOARD OF DIRECTORS OF SUMMIT BUSINESS MEDIA HOLDING COMPANY**

As of this 24th day of January, 2011, the undersigned, being all of the members of the board of directors (the "Board") of Summit Business Media Holding Company (the "Company"), hereby take the following actions and adopt the following resolutions by signing their written consents hereto:

**WHEREAS,** the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company and credit market conditions; and

**WHEREAS,** the Board has had the opportunity to consult with the management and the financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT:**

**I. Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

**RESOLVED,** that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, interest holders, and other interested parties, that a voluntary petition (the "Petition") be filed by the Company under the provisions of Title 11 of the United States Code (the "Bankruptcy Code"); and it is further

**RESOLVED,** that the Company shall execute and file all petitions, schedules, lists, and other papers or documents and shall take any and all actions that are reasonable, advisable, expedient, convenient, necessary, or proper to obtain such relief under the Bankruptcy Code; and it is further

**RESOLVED,** that any officer or director of the Company be (collectively, the "Authorized Officers"), and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company: (a) to execute and file the Petition, as well as all other ancillary documents, in the United States Bankruptcy Court for the District of Delaware and (b) to execute and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Reed Smith LLP ("Reed Smith") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including the preparation of pleadings and filings in the bankruptcy case commenced by the Company; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Reed Smith; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Lincoln Partners Advisors, LLC ("Lincoln") as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Lincoln; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of The Garden City Group, Inc. ("Garden City") as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company' rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Garden City; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Marketcom Public Relations ("Marketcom") as public relations consultant to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company' rights and obligations, and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of Marketcom; and it is further

**RESOLVED,** that Authorized Officers be, and hereby are, authorized and directed to employ any other individual or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Title 11 of the Bankruptcy Code, and in this Chapter 11 bankruptcy case, and in connection therewith, the officers and directors of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the bankruptcy case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

## II. Restructuring Support Agreement

**RESOLVED,** that the form, terms and provisions of (a) a Restructuring Support Agreement (the "RSA") to be entered into by the Company and certain affiliates of the Company (collectively, the "Summit Group") and each of the financial institutions from time to time party thereto (collectively, the "Supporting Parties"), (b) each other document, instrument, certificate, notice, or agreement to be executed and delivered by the Summit Group in connection with the RSA (collectively, the "RSA Documents"), in substantially the form submitted to the Board, and

(c) each other document, instrument, certificate, notice, or agreement to be executed and delivered by the Summit Group in connection with the RSA that embodies the terms described in the term sheets attached to the RSA, be, and the same hereby are in all respects approved, and any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver the RSA and RSA Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as approved by an Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by an Authorized Officer; and it is further

**RESOLVED,** that each Authorized Officer be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings, and instruments to be delivered in connection with the RSA (including, without limitation, any amendments, supplements, or modifications to the RSA and such other documents, agreements, certificates, writings, and instruments to be delivered in connection therewith), in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing Resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, and his or her execution and delivery thereof to be conclusive evidence of his or her authority to so act and his or her approval thereof; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to take such actions and execute and deliver (a) the RSA and RSA Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Supporting Lenders; and (c) such forms of officer's certificates and compliance certificates as may be required by the RSA and RSA Documents; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the RSA and RSA Documents which shall in their sole judgment be necessary, proper, or advisable; and it is further

**RESOLVED,** that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the RSA and RSA Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

## III. Debtor-in-Possession Financing

**RESOLVED,** that the form, terms and provisions of (a) a Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "DIP Loan Agreement"), to be entered into by The National Underwriter Company, an Ohio corporation, as borrower (the "Borrower"), the Company and various affiliates of the Company, as guarantors (collectively, the "Guarantors"), Bank of Montreal, Chicago Branch, as administrative agent (the "DIP Agent"), and each of the

other financial institutions from time to time party thereto (together with DIP Agent, collectively, the "DIP Lenders") and (b) the notes, subordination agreements, guaranties, security agreements, mortgages, control agreements, pledge agreements, patent and trademark security agreements, lease assignments, guarantees, and other similar agreements and each other document, instrument, certificate, notice, or agreement to be executed and delivered by the Company, the other Guarantors, the Borrower, and certain other entities in connection with the DIP Loan Agreement, including, without limitation, any fee letter, (together with the DIP Loan Agreement, collectively, the "DIP Loan Documents") which DIP Loan Documents (x) provide the Borrower with a multiple-draw term loan facility in an aggregate amount not to exceed $5,000,000 on a secured super-priority priming lien basis, (y) require all of the Borrower's obligations therein to be guaranteed (collectively, the "Guaranteed Obligations") by the Company and the other Guarantors and (z) provide for the proceeds therefrom to be used to pay costs and expenses related to the DIP Loan Agreement and various related transactions thereto and for working capital and for other general corporate purposes of the Borrower, including post-petition operating expenses of administration of the Borrower's Chapter 11 bankruptcy case, in substantially the form submitted to the Board, be, and the same hereby are in all respects approved, and any Authorized Officer is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as approved by an Authorized Officer, such approval to be conclusively evidenced by the execution and delivery thereof by an Authorized Officer; and it is further

**RESOLVED,** that the Company, as a debtor and as debtor-in-possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Guaranteed Obligations and undertake any and all related transactions contemplated by the DIP Loan Documents (collectively, the "Financing Transactions"); and it is further

**RESOLVED,** that each Authorized Officer be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings, and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements, or modifications to the DIP Loan Documents and such other documents, agreements, certificates, writings, and instruments to be delivered in connection therewith) and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign, or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing Resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, and his or her execution and delivery thereof to be conclusive evidence of his or her authority to so act and his or her approval thereof; and it is further

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as a debtor and debtor-in-possession, to take such

actions and execute and deliver (a) the DIP Loan Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Loan Documents; and it is further

**RESOLVED,** that the Authorized Officers be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company, such other filings in respect of intellectual and other property of the Company with the United States Patent and Trademark Office and the United States Copyright Office, among others, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Loan Documents which shall in their sole judgment be necessary, proper, or advisable; and it is further

**RESOLVED,** that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

## IV. Further Actions and Prior Actions

**RESOLVED,** that in addition to the specific authorizations heretofore conferred on the Authorized Officers be, and each of them, acting alone, hereby is, authorized, directed, and empowered, in the name of, and on behalf of, each of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of these resolutions; and it is finally

**RESOLVED,** that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts

would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

**IN WITNESS WHEREOF,** these resolutions are adopted as of the date first set forth above by the Board for the Company. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

James P. TenBroek

Efrem Zimbalist III

Andrew Goodenough

James Alic

Anthony Reilly

*Signature Page to Resolutions of the Board of Directors of Summit Business Media Holding Company*

**IN WITNESS WHEREOF**, these resolutions are adopted as of the date first set forth above by the Board for the Company. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

James P. TenBroek

Efrem Zimbalist III

Andrew Goodenough

James Alic

Anthony Reilly

*Signature Page to Resolutions of the Board of Directors of Summit Business Media Holding Company*

**IN WITNESS WHEREOF,** these resolutions are adopted as of the date first set forth above by the Board for the Company. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

____________________________
James P. TenBroek

____________________________
Efrem Zimbalist III

____________________________
Andrew Goodenough

____________________________
James Alic

____________________________
Anthony Reilly

**IN WITNESS WHEREOF**, these resolutions are adopted as of the date first set forth above by the Board for the Company. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

James P. TenBroek

Efrem Zimbalist III

Andrew Goodenough

James Alic

Anthony Reilly

*Signature Page to Resolutions of the Board of Directors of Summit Business Media Holding Company*

**IN WITNESS WHEREOF**, these resolutions are adopted as of the date first set forth above by the Board for the Company. This Consent may be executed and delivered in multiple counterparts, which, when taken together, will constitute one instrument.

James P. TenBroek

Efrem Zimbalist III

Andrew Goodenough

James Alic

Anthony Reilly

*Signature Page to Resolutions of the Board of Directors of Summit Business Media Holding Company*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. _______ (_______)<br><br>Joint Administration Requested |

**CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS**

The following is a list of creditors holding the 30 largest unsecured claims against the above-captioned Debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "**Debtors**")[1]. This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors. The list reflects amounts from the Debtors' books and records as of **January 25, 2011**.

The list is prepared in accordance with Fed. R. Bank. P. 1007(d) for filing in the Debtors' chapter 11 cases. This list does not include (1) persons who come within the definitions of "insider" set forth in 11 U.S.C. Section 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

---

[1] The Debtors in the above captioned cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Futures Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Associates, Inc. (0517); and (ix) Mining INDABA, LLC (4592). Individual case numbers are available on reasonable request.

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Wind Point Investors VI, L.P.<br>Wind Point Investors V, L.P.<br>c/o Wind Point Partners | Wind Point Partners VI, L.P.<br>Wind Point Partners V, L.P.<br>c/o Wind Point Partners<br>Attn: LeAnn Kilarski<br>676 North Michigan Avenue<br>Suite 3700<br>Chicago, IL 60611<br>P: (312) 255-4800<br>F: (312) 255-4820 | Management Fees | | $4,125,531.45 |
| Publishers Press Incorporated | Publishers Press Incorporated<br>Attn: Nicholas Simon<br>100 Frank E. Simon Avenue<br>Shepherdsville, KY 40165<br>P: (800) 627-5801<br>F: (502) 543-8808 | Trade Debt | | $657,881.37 |
| Imperial Capital LLC | Imperial Capital LLC<br>Attn: Harry Chung<br>2000 Avenue of the Stars<br>9th Floor South<br>Los Angeles, CA 90067<br>P: (310) 246-3700<br>F: (310) 777-3000 | Professional Fees | | $312,500.00 |
| NAIC General | NAIC General<br>Attn: Laurie Schee<br>PO Box 879660<br>Kansas City, MO 64187-9660<br>P: (816) 842-3600<br>F: (816) 783-8175 | Contract | | $289,978.37 |
| Bulkley Dunton Publishing Grp Nuco | Bulkley Dunton Publishing Grp Nuco<br>Attn: President or General Counsel<br>P.O. Box 403565<br>Atlanta, GA 30384-3565<br>P: (800) 347-9279<br>F: (212) 863-1870 | Trade Debt | | $269,131.40 |
| Marriott International | Marriott International, Inc.<br>(Law Department)<br>10400 Fernwood Road<br>Bethesda, MD 20817<br>P: (301) 380-3000<br>F: (301) 380-6727 | Trade Debt | | $149,102.87 |

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| KPMG LLP | KPMG LLP<br>Attn: Richard Bailine<br>2001 M. St. NW<br>Washington, DC 20036<br>P: (202) 533-3000<br>F: (202) 533-8500 | Professional Fees | | $118,000.00 |
| iPacesetters LLC | iPacesetters LLC<br>Attn: President or General Counsel<br>1280 South Country Club Drive<br>Suite 110<br>Mesa, AZ 85210<br>P: (480) 784-2270<br>F: (480) 522-2938 | Trade Debt | | $93,823.60 |
| Hallmark Data Systems, LLC | Hallmark Data Systems, LLC<br>Attn: Jim Kuchinsky<br>7300 Linder Ave<br>Skokie, IL 60077<br>P: (847) 983-2000<br>F: (847) 763-9593 | Trade Debt | | $89,102.20 |
| Gaylord Opryland Hotel | Gaylord Opryland Hotel<br>Attn: Mark Fioravanti<br>2800 Opryland Drive<br>Nashville, TN 37214<br>P: (615) 316-6588<br>F: (615) 316-6544 | Contract | | $82,420.00 |
| Microsoft Services | Microsoft Services<br>Microsoft Corporation<br>Law and Corporate Affairs<br>Department<br>One Microsoft Way<br>Redmond, WA 98052-6399<br>P: (425) 882-8080<br>F: (425) 936-7329 | Contract | | $71,260.00 |
| BPA Worldwide | BPA Worldwide<br>Attn: President or General Counsel<br>100 Beard Sawmill Road, 6th Floor<br>Shelton, CT 06484<br>P: (203) 447-2800<br>F: (203) 447-2900 | Trade Debt | | $48,750.43 |

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Advertiser Printers, Inc. | Advertiser Printers, Inc.<br>Attn: Greg Brauch<br>320 Clay Street<br>Dayton, KY 41074-1256<br>P: (859) 431-4901<br>F (859) 431-0723 | Trade Debt | | $46,788.55 |
| Applied Info Group | Applied Info Group<br>Attn: President or General Counsel<br>100 Market Street<br>Kenilworth , NJ 07033<br>P: (908) 241-7007<br>F (908) 241-7088 | Trade Debt | | $46,518.13 |
| MMC Norilsk Nickel Africa | MMC Norilsk Nickel Africa<br>Attn: President or General Counsel<br>22 Voznesensky Pereulok<br>Moscow, 125993<br>Russia<br>P: 7 (495) 787 7667<br>f: 7 (495) 785 5808 | Customer Refund | | $41,547.30 |
| O. Alfred Granum, CLU | O. Alfred Granum, CLU<br>c/o Northwestern Mutual<br>1901 Butterfield Road, Suite 450<br>Downers Grove, IL 60515<br>P: 630-353-2300<br>F: 630-353-2372 | Contract | | $39,869.43 |
| CDW Direct, LLC | CDW Direct, LLC<br>Attn: President or General Counsel<br>200 N Milwaukee Avenue<br>Vernon Hills, IL 60061-1577<br>P: (847) 465-6000<br>F: (847) 465-6800 | Trade Debt | | $35,743.33 |
| Blue Valley Telemarketing | Blue Valley Telemarketing<br>Attn: Dennis Doyle<br>1555 Pony Express Highway<br>Home, KS 66438<br>P: (785) 799-3311<br>F: (785) 799-3504 | Trade Debt | | $33,678.05 |

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Roadsend, Inc. | Roadsend, Inc.<br>Attn: Jon Michel<br>142 Riverview Dr.<br>Fishkill, NY 12524<br>P: (845) 896-5509<br>F: (845) 896-5507 | Contract | | $33,000.00 |
| Investor's Business Daily | Investor's Business Daily<br>12655 Beatrice Street<br>Los Angeles, CA 90066<br>P: (310) 448-6000<br>F: (310) 577-7301 | Trade Debt | | $29,927.40 |
| Barry Alberstein | Barry Alberstein<br>Alberstein Consulting<br>9198 Great Blue Heron Lane<br>Blaine, WA 98230<br>P: (360) 371-7600<br>F: (866) 712-6632 | Contract | | $28,299.33 |
| Embassy Suites | Embassy Suites<br>511 North Columbus Drive<br>Chicago, IL 60611<br>P: (703) 883-1000<br>F: (773) 442-3110 | Contract | | $26,547.91 |
| American Business Media | American Business Media<br>Attn: Clark Pettit, President/CEO<br>675 Third Avenue, 7th Floor<br>New York, NY 10017-5704<br>P: (212) 661-6360<br>F: (212) 370-0736 | Trade Debt | | $25,480.94 |
| Victor Graphics, Inc. | Victor Graphics, Inc.<br>Attn: President or General Counsel<br>1211 Bernard Dr.<br>Baltimore, MD 21223<br>P: (410) 233-8300<br>F: (410) 233-8304 | Trade Debt | | $24,986.81 |
| Baxter Research Center Inc. | Baxter Research Center Inc.<br>Attn: President or General Counsel<br>1405 Braided Rope Court<br>Austin, TX 78727<br>P: (512) 835-1190<br>F: (512) 835-1792 | Trade Debt | | $21,612.50 |

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Donald F. Cady | Donald F. Cady<br>7841 Buccaneer Drive<br>Fort Meyers Beach, FL 33931 | Contract | | $20,518.82 |
| Standard & Poor's | Standard & Poor's<br>Attn: Rita Bolger, SVP and Asst GC<br>55 Water Street<br>New York, New York 10041<br>P: (212) 438-1000<br>F: (212) 438-2000 | Contract | | $19,500.00 |
| Office Partners 360 Inc. | Office Partners 360 Inc.<br>Attn: President or General Counsel<br>29 Old Wagon Road<br>Ridgefield, CT 06877 | Professional Fees | | $18,140.20 |
| Medcomps Corporation | Medcomps Corporation<br>Attn: President or General Counsel<br>522 East Monroe Street<br>Suite 501<br>Springfield, IL 62701<br>P: (217) 788-0910<br>F: (217) 788-0911 | Trade Debt | | $17,765.00 |
| Inquiry Management Systems Inc. | Inquiry Management Systems Inc.<br>Attn: President or General Counsel<br>55 Horner Avenue, Unit 1<br>Toronto, ON, Canada, M8Z 4X6<br>P: (416) 620-1965<br>F: (416) 620-9790 | Trade Debt | | $17,042.27 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. _______ (_______)<br><br>Joint Administration Requested |

**DECLARATION CONCERNING DEBTORS' CONSOLIDATED LIST OF**
**<u>CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS</u>**

I, Thomas M. Flynn, Chief Operating Officer and Chief Financial Officer of Summit Business Media Holding Company, a Delaware corporation, declare under penalty of perjury that I have reviewed the consolidated list of creditors holding the 30 largest unsecured claims submitted herewith, and that the list is true and correct to the best of my information and belief.

Dated: January ____, 2011

_________________________________
Thomas M. Flynn, Chief Operating Officer
and Chief Financial Officer
Summit Business Media Holding Company

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. ______ (______)<br><br>Joint Administration Requested |

**DECLARATION CONCERNING DEBTORS' CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS**

I, Thomas M. Flynn, Chief Operating Officer and Chief Financial Officer of Summit Business Media Holding Company, a Delaware corporation, declare under penalty of perjury that I have reviewed the consolidated list of creditors holding the 30 largest unsecured claims submitted herewith, and that the list is true and correct to the best of my information and belief.

Dated: January 25, 2011

Thomas M Fly

Thomas M. Flynn, Chief Operating Officer
and Chief Financial Officer
Summit Business Media Holding Company

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. _______ (_______)<br><br>Joint Administration Requested |

## DEBTORS' CREDITOR MATRIX

The above-captioned debtor and debtor in possession separately filed contemporaneously with the petition a list of creditors (the "Creditor Matrix").

[1] The Debtors in the above captioned cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Futures Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Associates, Inc. (0517); and (ix) Mining INDABA, LLC (4592). Individual case numbers are available on reasonable request.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. _______ (_______)<br><br>Joint Administration Requested |

## DECLARATION CONCERNING DEBTORS' CREDITOR MATRIX

I, Thomas M. Flynn, Chief Operating Officer and Chief Financial Officer of Summit Business Media Holding Company, a Delaware corporation, declare under penalty of perjury that I have reviewed the Creditor Matrix submitted herewith, and that the list is true and correct to the best of my information and belief.

Dated: January 25, 2011

Thomas M. Flynn, Chief Operating Officer
and Chief Financial Officer
Summit Business Media Holding Company

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. _______ (_______)<br><br>Joint Administration Requested |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and to enable the Judges to evaluate possible disqualification or recusal, on behalf of Summit Business Media Holding Company and each of its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[1], the undersigned certifies that the direct or indirect ownership of 10% or more of any class of equity interests of any of the Debtors is as described on the chart attached hereto as "Exhibit A."

Dated: January 25, 2011

Tom M. Flynn
Chief Financial Officer

[1] The Debtors in these Cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Futures Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Associates, Inc. (0517); and (ix) Mining INDABA, LLC (4592). Individual case numbers are available on reasonable request.

**Exhibit A**

| | Filing Entity | Corporate Ownership |
|---|---|---|
| 1 | Summit Business Media Holding Company | Wind Point Partners VI, L.P. and Wind Point Partners V, L.P. |
| 2 | Summit Business Media Intermediate Holding Company, LLC | 100% owned by Summit Business Media Holding Company |
| 3 | The National Underwriter Company | 100% owned by Summit Business Media Intermediate Holding Company, LLC |
| 4 | Research Holdings, LTD. | 100% owned by The National Underwriter Company |
| 5 | Futures Magazine, Inc. | 100% owned by The National Underwriter Company |
| 6 | NUCO Business Information, LLC | 100% owned by The National Underwriter Company |
| 7 | Agent Media Corporation | 100% owned by The National Underwriter Company |
| 8 | Judy Diamond Associates, Inc. | 100% owned by The National Underwriter Company |
| 9 | Mining INDABA, LLC | 100% owned by The National Underwriter Company |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. _______ (_______)<br><br>Joint Administration Requested |

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, the undersigned authorized officer of Summit Business Media Holding Company and each of its affiliated debtors and debtors-in-possession, declare under penalty of perjury that I have reviewed the Corporate Ownership Statement submitted herewith and that it is true and correct to the best of my information and belief.

Dated: January 25, 2011

Thomas M Flynn
Tom M. Flynn
Chief Financial Officer