**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Summit Business Media Holding Company, *et al.*,[1] | Case No. 11-10231 (PJW) Jointly Administered |
| Debtors. | Re: Docket No. 16 and 36 |

### FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

Upon the motion dated January 26, 2011 (the "Motion")[2] of Summit Business Media Holding Company ("Summit"), together with its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 362 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of a final order (the "Final Order") to establish notification procedures and approve restrictions on certain transfers of interests in the Debtors' estates, as more fully described in the Motion; and the Court having jurisdiction to consider to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

---

[1] The Debtors in these Cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Futures Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Associates, Inc. (0517); and (ix) Mining INDABA, LLC (4592). Individual case numbers are available on reasonable request.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is

FOUND that the Debtors' net operating loss carryforwards ("NOLs") and certain other tax attributes (together with the NOLs, the "Tax Attributes") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; and it is further

FOUND that unrestricted trading in Stock and Claims before the Debtors' emergence from chapter 11 could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "Tax Code"), as set forth in the Motion; and it is further

FOUND that the notification procedures and restrictions on certain transfers of Stock and Claims are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estates, and their creditors; and it is further

FOUND that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

THEREFORE, IT IS:

ORDERED that the Motion is granted as provided herein on a final basis, *nunc pro tunc* to the date on which the Debtors commenced their chapter 11 cases; and it is further

ORDERED that until further order of this Court to the contrary, any acquisitions, dispositions, or trading in violation of the restrictions set forth herein shall be null and void *ab*

*initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED that the following procedures and restrictions shall apply to trading in Stock and Claims and are approved:

(a) Disposition of Claims or Stock:

1. <u>Disposition</u>. At least ten (10) business days prior to the proposed date of any transfer or other disposition of (a) any Claims or (b) of any Stock held by a Substantial Equityholder (a "<u>Proposed Transaction</u>"), the person, Entity, or Substantial Equityholder in question (a "<u>Proposed Transferor</u>") shall serve on the Notice Parties a notice of intended disposition of such Claims or Stock (a "<u>Disposition Notice</u>"), which Disposition Notice shall include and/or be supplemented with any and all information reasonably requested by the Debtors.

    i. <u>Objection Procedure</u>. The Debtors shall have ten (10) business days after service of a Disposition Notice upon them (the "<u>Objection Deadline</u>") to file with the Court and serve on a Proposed Transferor and the Notice Parties an objection to any proposed transfer of Claims or Stock described in such Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "<u>Objection</u>") as a result of an ownership change under section 382 or section 383 of the Tax Code.

        (A) If the Debtors file an Objection by the Objection Deadline, then the Proposed Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

        (B) If the Debtors do not file an Objection by the Objection Deadline, or if the Debtors provide written authorization to the Proposed Transferor approving the Proposed Transaction prior to the applicable Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the Disposition Notice. Any further Proposed Transaction must be the subject of additional notices as set forth herein with an additional ten (10) business day waiting period.

    ii. <u>Definitions</u>. For purposes of this Motion and the Orders, the following terms have the following meanings:

(C) <u>Stock</u>. "Stock" shall mean shares of any securities which would constitute Equity Interests under and as defined by the Plan. For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire Stock may be treated as the owner of such Stock.

(D) <u>Claim</u>. A "Claim" shall be any claim for any amount of First Lien Debt or Second Lien Debt. Nothing contained in this Paragraph (a)(iii)(2) shall be deemed an admission of a party or be used by any party for any purpose other than compliance with the Orders and shall not constitute an admission or evidence by any party with respect to Claims made or to be made against the Debtors.

(E) <u>Beneficial Ownership</u>. "Beneficial Ownership" of a Claim or Stock shall be determined in accordance with applicable rules under section 382 of the Tax Code, Treasury Regulations, and rulings issued by the Internal Revenue Service (the "<u>IRS</u>") (and, for such purpose, treating a Claim as if it were stock) and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Stock.

For the avoidance of doubt, beneficial ownership of a Claim also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim pursuant to the Plan or applicable Bankruptcy Court order.

(F) <u>Option</u>. An "Option" to acquire a Claim or Stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable. An "Option" to acquire a Claim shall have the meaning given to such term under Treasury Regulations section 1.3 82-4(d)(9)(i), with respect to the acquisition of a Claim or any consideration (including equity) distributed in respect of any Claim pursuant to a plan of reorganization or applicable bankruptcy court order.

(G) <u>Substantial Equityholder</u>. A "Substantial Equityholder" is any person or Entity that beneficially owns at least 4.75% of the Equity Interests under and as defined by the Plan.

(H) <u>Entity</u>. "Entity" shall have the meaning given to such term in Treasury Regulations section 1.382-3(a), including persons acting pursuant to a formal or informal understanding among themselves to make coordinated acquisitions.

    (I) <u>Notice Parties</u>. "Notice Parties" shall mean (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtors; (iii) the attorneys for the Debtors; (iv) the attorneys for any official Committee appointed in these Cases; (v) the respective Agents for the Debtors' First Lien Debt, Second Lien Debt, and each of their respective attorneys; and (vi) parties who file notices of transfers of Claims under Bankruptcy Rule 3001(e)(i).

 (b) <u>Noncompliance with the Trading Procedures</u>.

  Effective as of the Petition Date and until further order of the Court to the contrary, any acquisition, disposition, or other transfer of Claims against, or Stock (including Options to acquire Stock) in, the Debtors in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.

 (c) <u>Debtors' Right to Waive</u>.

  The Debtors may waive in writing any and all restrictions, stays, and notification procedures contained in this Motion. Nothing herein or in the Orders is intended to be deemed to waive, modify or otherwise limit the application of any provision of the Restructuring Support Agreement.

and it is further;

  ORDERED that any person or Entity acquiring and/or disposing Stock and/or Claims in violation of the restrictions set forth herein, or failing to comply with the Disposition Notice requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code and it is further

  ORDERED that nothing in this Final Order shall preclude any party in interest from seeking appropriate relief from the provisions of this Final Order; and it is further

  ORDERED that within three (3) business days of the entry of this Final Order, the Debtors shall serve notice of the entry of this Final Order describing the authorized trading restrictions and notification requirements (the "<u>Final Procedures Notice</u>") and this Final Order to the affected parties; and it is further

ORDERED that nothing herein shall preclude any person or Entity desirous of purchasing or transferring any interest from requesting relief from this Final Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the relief granted in this Final Order is intended solely to permit the Debtors to protect, preserve and maximize the value of their Tax Attributes. Accordingly, to the extent that the Final Order expressly conditions or restricts trading in interests in the Debtors, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests under any plan of reorganization or any applicable bankruptcy court order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this order.

Dated: Feb 22, 2011
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE-105444410.2