**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Summit Business Media Holding Company, *et al.,* | Case No. 11-10231 (PJW) |
| Debtors.[1] | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY, AND DISCLAIMER
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Summit Business Media Holding Company and its subsidiaries, as debtors and debtors in possession (collectively, the "*Debtors*"), have filed their respective Schedules of Assets and Liabilities (the "*Schedules*") and Statements of Financial Affairs (the "*SOFAs*", and collectively with the "*Schedules,*" the "*Schedules and Statements*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

Thomas M. Flynn, the Chief Operating Officer and Chief Financial Officer of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Flynn has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Flynn has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and Statements (the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and

---

[1] The Debtors in these Cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Future Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Association, Inc. (0517); and (ix) Mining INDABA, LLC (4592).

Statements.[2] In the event that the Schedules and Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled to the Debtors' financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, but further research or discovery may identify subsequent information that may necessitate material amendments to the Schedules and Statements. As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies and may be amended in the future.

Nothing contained in the Schedules and Statements shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1.    **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a) <u>Allocation of Liabilities</u>. The Debtors allocated liabilities between the prepetition and postpetition periods based on research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

    b) <u>Amendments and Supplements</u>.  While the Debtors made reasonable and good faith efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements as is necessary and appropriate.

    c) <u>Bankruptcy Court Orders</u>. Pursuant to various orders entered or to be entered by the Bankruptcy Court (collectively, the "***Pre-petition Payment Orders***"), the

---

[2]    These Global Notes are in addition to the specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "Specific Note" with respect only to specific Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Specific Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Debtors were or will be authorized to pay certain outstanding pre-petition claims, including, without limitation, certain claims of employees for wages, salaries and benefits, certain tax claims, certain suppliers and vendors, and certain claims of critical vendors.  As a result, and as detailed herein, the Debtors have not listed these claims in the Schedules. To the extent such claims are listed on the Schedules and Statements, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and Statements and/or subsequently object to such claims on any basis, including that such claims have already been satisfied through payments with respect to the Pre-petition Payment Orders.

d) <u>Claims Description</u>.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any claim, whether reflected on their respective Schedules and Statements or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

e) <u>Classifications</u>.  Listing a claim or contract (a) on Schedule D as "secured," (b) on Schedule F as "unsecured," or (c) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

f) <u>Causes of Action</u>.  Despite reasonable and good faith efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action. Similarly, in instances where the Debtors are defendants in pending causes of action, nothing in the Global Notes or the Schedules and Statements shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtors' defenses, objection and other rights with respect to such causes of action are hereby preserved.

g) <u>Confidential, Private, and Commercially Sensitive Information</u>.  In certain instances, the Debtors may have intentionally altered, revised, redacted or consolidated certain information in the Schedules and Statements due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual. In addition, in certain instances, the sensitivity of such information may require its omission from the Schedules and Statements. To the extent possible, the alterations, redactions, consolidations and omissions have been limited to the extent determined by the Debtors to be necessary or appropriate to protect the Debtors or third parties while also providing interested

parties with sufficient information in response to the Schedules and Statements. The Debtors have not included addresses of current and former employees or directors in the Schedules and Statements.

h) <u>Entity Classification Issues</u>. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors precisely to assign assets and liabilities to particular Debtor entities, including but not limited to (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor; and (c) certain creditors of the Debtors may have treated one or more of the Debtors as a consolidated entity rather than as differentiated entities.

i) <u>Estimates and Assumptions</u>. In preparing the Schedules and Statements, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of contingent assets and liabilities on the date the Schedules and Statements were filed and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates, perhaps materially.

j) <u>Excluded Assets and Liabilities</u>. The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as de minimis deposits, and accrued liabilities including, without limitation, tax accruals and accrued accounts payable. Other immaterial assets and liabilities may also have been excluded. Finally, certain deferred charges, accounts, or reserves recorded for GAAP reporting purposes only are not included in the Debtors' Schedules.

k) <u>Executory Contracts and Unexpired Leases</u>. The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; however, the Schedules and Statements do not reflect any rejection damages claims. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

l) <u>Insiders</u>. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of directors, officers, or persons in control of the Debtors; and (e) affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence

over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability, or for any other purpose. The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider, nor should it be construed as an admission that such party is an insider, all such rights, claims and defenses are expressly reserved.

m) <u>Intercompany Claims</u>. Receivables and payables among the Debtors in these cases (each an "***Intercompany Receivable***" or "***Intercompany Payable***" and, collectively, the "***Intercompany Claims***") are reported on Schedule B(16) or Schedule F as a receivable or payable due to or from the applicable Debtor to or from the other Debtors. Where no balance is listed, the Debtors do not believe, based on information currently available, that the applicable Debtor has any Intercompany Receivables or Intercompany Payables.

n) <u>Litigation</u>. The Debtors have listed on Schedule F all known claimants related to any pending or threatened litigation action as contingent, unliquidated and disputed with unknown amounts. Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial.

o) <u>Net Book Value</u>. In certain instances, market valuations are neither maintained by, nor readily available to, the Debtors. In other instances, market valuations are available but they are out-of-date. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect the Debtors' assets at net book values. Market values of these assets may vary, at some times materially, from the net book value of such assets. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

p) <u>Petition Date</u>. Financial information for the Debtors is, unless otherwise noted herein or in the Schedules and Statements, provided as of the Petition Date of January 25, 2011.

q) <u>Recharacterization</u>. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available.

r)  <u>Third-Party Property</u>. In the ordinary course of their business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their business and otherwise use and hold property owned by third-parties pursuant to contracts and leases with such parties. Such leases or contracts are set forth in Schedule G. The property subject to any such leases or contracts is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. Neither is the property subject to any such leases or contracts reflected in the Debtors' SOFAs as property or assets of third-parties within the control of the Debtors. Nothing contained in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease (including, but not limited to, whether any lease is a true lease or a financing arrangement) or contract (including, but not limited to, whether the contract is, in fact, an executory contract), and the Debtors reserve all rights with respect to any such issues.

s)  <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

t)  <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

2.  **<u>Specific Schedules and Statements Disclosures</u>**

a)  <u>Schedule B(23) – Other general intangible assets.</u>  Certain contracts that have recognized book values under GAAP but which are not readily convertible to cash are not reflected on Schedule B(23).  These contracts are included in Schedule G.

b)  <u>Schedule D - Creditors Holding Secured Claims.</u>  Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.

The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions in Schedule D are intended only to be a summary.

Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

The claims listed on Schedule D arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or to have been incurred prior to the Petition Date.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, or inchoate statutory liens rights.

c)  Schedule E - Creditors Holding Unsecured Priority Claims. Pursuant to an order entered by the Bankruptcy Court on January 28, 2011, the Debtors have the authority to pay certain prepetition obligations, including employee wages and other employee benefits in the ordinary course of business (the "***Employee Wage and Benefit Order***"). As a result of the Employee Wage and Benefit Order, the Debtors believe that any employee claims for prepetition amounts related to ongoing payroll, benefits, and expense reimbursements whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Pursuant to a separate order entered by the Bankruptcy Court on January 28, 2011, the Debtors have the authority to pay certain prepetition taxes (the "***Tax Order***"). Pursuant to the Tax Order, the Debtors believe that any claims on account of such taxes have been or will be satisfied, and such satisfied amounts are not listed on Schedule E.

Out of abundance of caution and in an effort to provide notice to holders of potential priority tax claims, the Debtors have listed holders of potential priority tax claims on Schedule E except to the extent such claims have been or will be satisfied pursuant to the Tax Order. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against a particular Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise. The Debtors reserve the right to take the position that any claim listed on Schedule E is a secured claim, an unsecured or a subordinated claim.

Further, certain potential or actual priority claims may be subject to audit and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of these claims. Therefore, the Debtors have listed all such claims as

unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

d) <u>Schedule F - Creditors Holding Unsecured Claims</u>. Pursuant to an order issued by the Bankruptcy Court on January 28, 2011, the Bankruptcy Court has authorized the Debtors to pay certain additional outstanding prepetition claims of critical vendors and suppliers. Unless otherwise stated, Schedule F reflects prepetition obligations due and owing on the Petition Date less these payments.

Schedule F also contains information regarding threatened or pending litigation or administrative action involving the Debtors. The amounts of these potential claims are listed as "unknown" and marked as contingent, unliquidated, and disputed in the Schedules. The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential litigation, if any, listed in each Debtor's SOFA 4(a) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F also reflects prepetition amounts owed to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any agreement entered into by and between the Debtors and their creditors.

The claims of creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. In addition, the amounts of claims listed on Schedule F may be exclusive of contingent and unliquidated amounts.

Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

e) <u>Schedule G - Executory contracts and unexpired leases.</u> Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.

Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved, and, as such, the Debtors hereby reserve all of their rights to dispute

the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

The placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule G does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

Omission of a contract, agreement or lease from Schedule G does not constitute an admission that such omitted contract, agreement or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, agreements and leases are not impaired by their omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. Moreover, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, and agreements that may not be listed on Schedule G. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory or unexpired.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Further, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements,

amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

f) <u>Schedule H - Co-Debtors.</u> Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions or inclusion may have occurred. The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim. The listing of a contract, guarantee or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid or enforceable.

g) <u>SOFA Question 2 – Other Income</u>. From time to time, the Debtors may have de minimis income from sources other than the operation of business that is not provided in response to SOFA Question 2.

h) <u>SOFA Question 3(b) - Payments to Creditors within 90 days</u>. All amounts that remain outstanding to any creditor listed on Statement Question 3 are reflected on Schedules D, E, and F as applicable. Any creditor wishing to verify any outstanding indebtedness should review those schedules.

Certain payments made to creditors were made via corporate credit cards. Those payments to creditors will not be reflected in the Debtors' responses to Question 3b.

Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtor and its Debtor and non-Debtor affiliates.

These payments and transactions have not been listed.  However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

i)   SOFA Question 3(c) – Payments to Insiders within 1 year.  The response to SOFA 3(c) includes payments to insiders in the form of checks, wire transfers and other similar disbursements made from bank accounts historically used for payroll and other employee-related disbursements.  This response does not include payments made directly to credit card issuers for reimbursable employee business expenses incurred.

j)   SOFA Question 4(a) - Suits and Administrative Proceedings.  The Debtors have made reasonable and good faith efforts to include in their responses to SOFA 4(a) a complete list of all lawsuits and litigation proceedings to which the Debtors were a party within the one (1) year period immediately preceding the Petition Date. To the extent the Debtors become aware that they have omitted any such lawsuits or proceedings, they will amend the SOFAs accordingly.

k)   SOFA Question 23 - Withdrawals from a partnership or distributions by a corporation within one year.  Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtor and its Debtor and non-Debtor affiliates.  These payments and transactions have not been listed.  However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

# United States Bankruptcy Court
## District of Delaware

In re    **Summit Business Media Holding Company**             ,    Case No.   **11-10231 (PJW)**

                              Debtor             Chapter                    **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 8,602,653.83 | | |
| B - Personal Property | Yes | 3 | 34,807,928.91 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 243,842,563.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 3 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 13 | | | |
| Total Assets | | | 43,410,582.74 | | |
| Total Liabilities | | | | 243,842,563.00 | |

.

In re     **Summit Business Media Holding Company**              ,     Case No.    **11-10231 (PJW)**

Debtor

# SCHEDULE A - REAL PROPERTY

      Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

      **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

      If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Land: 10.03 Acres**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY** | **Fee Simple** | - | 1,262,835.00 | **Unknown** |
| **Building: 2-story structure with warehouse and parking garage**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY** | **Fee Simple** | - | 7,339,818.83 | **Unknown** |

|  |  |  |
|---|---|---|
| Sub-Total > | **8,602,653.83** | (Total of this page) |
| Total > | **8,602,653.83** |  |

    **0**     continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

.

In re   **Summit Business Media Holding Company**     ,   Case No.  **11-10231 (PJW)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY

    Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Harris Bank**<br>**111 W. Monroe**<br>**Chicago, IL 60603**<br>**Operating Account**<br>**Account No. XXX1927** | - | **11,249,054.38** |
| | | **Harris Bank**<br>**111 W. Monroe**<br>**Chicago, IL 60603**<br>**Aquisition/Collateral Account**<br>**Account No. XXX5240** | - | **752,659.43** |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >   **12,001,713.81**

(Total of this page)

  **2**   continuation sheets attached to the Schedule of Personal Property

In re     **Summit Business Media Holding Company**            ,     Case No.    **11-10231 (PJW)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Summit Business Media Intermediate Holding Company, LLC 100% Membership Interest** | **-** | **Unknown** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >       <b>0.00</b>
(Total of this page)

Sheet   **1**   of   **2**   continuation sheets attached
to the Schedule of Personal Property

In re   **Summit Business Media Holding Company**       ,   Case No.   **11-10231 (PJW)**

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **License - Judy Diamond Associates** | - | 6,666,088.82 |
| | | **License - Summit Business Media** | - | 16,140,126.28 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 22,806,215.10 |
| (Total of this page) | |
| Total > | 34,807,928.91 |

Sheet  **2**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re    **Summit Business Media Holding Company**       ,    Case No.   __11-10231 (PJW)__

                                 Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | 07/06/07 | | | | | |
| **ARES CAPITAL CORPORATION AS AGENT ATTN: RUTH MOLINA 280 PARK AVE, 28TH FLOOR NEW YORK, NY 10017** | X | - | Amended and Restated First Lien Credit Agreement Guaranty - Second Lien Debt Collateral: All Assets of the Debtor | | | | | |
| | | | Value $        **Unknown** | | | | 55,224,420.00 | Unknown |
| Account No. | | | 07/06/07 | | | | | |
| **BANK OF MONTREAL AS AGENT ATTN: JAMES JERZ 115 S. LASALLE STREET, 12 WEST CHICAGO, IL 60603** | X | - | Amended and Restated First Lien Credit Agreement Guaranty - First Lien Debt Collateral: All Assets of the Debtor | | | | | |
| | | | Value $        **Unknown** | | | | 188,618,143.00 | Unknown |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

__0__ continuation sheets attached

| | | |
|---|---|---|
| Subtotal (Total of this page) | 243,842,563.00 | 0.00 |
| Total (Report on Summary of Schedules) | 243,842,563.00 | 0.00 |

In re    **Summit Business Media Holding Company**        Case No.    **11-10231 (PJW)**

                                                Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**2**    continuation sheets attached

In re   **Summit Business Media Holding Company**       ,    Case No.   **11-10231 (PJW)**

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **2567**<br><br>**BOARD OF EQUALIZATION**<br>**PO BOX 942879**<br>**SACRAMENTO, CA 94279-8014** | - | | Income\Franchise Tax | X | X | X | **Unknown**<br><br>**Unknown** | **Unknown**<br><br>**Unknown** |
| Account No. **5126**<br><br>**COMMONWEALTH OF MASSACHUSETTS**<br>**PO BOX 7065**<br>**BOSTON, MA 02204** | - | | Income\Franchise Tax | X | X | X | **Unknown**<br><br>**Unknown** | **Unknown**<br><br>**Unknown** |
| Account No. **2649**<br><br>**DELAWARE SECRETARY OF STATE**<br>**DIVISION OF CORPORATIONS**<br>**PO BOX 11728**<br>**NEWARK, NJ 07101-4728** | - | | Income\Franchise Tax | X | X | X | **Unknown**<br><br>**Unknown** | **Unknown**<br><br>**Unknown** |
| Account No. **417**<br><br>**FLORIDA DEPT. OF REVENUE**<br>**5050 W. TENNESSEE ST.**<br>**TALLAHASSE, FL 32399-0100** | - | | Income\Franchise Tax | X | X | X | **Unknown**<br><br>**Unknown** | **Unknown**<br><br>**Unknown** |
| Account No. **175**<br><br>**ILLINOIS DEPT OF REVENUE**<br>**PO BOX 19008**<br>**SPRINGFIELD, IL 62794-9008** | - | | Income\Franchise Tax | X | X | X | **Unknown**<br><br>**Unknown** | **Unknown**<br><br>**Unknown** |

Sheet  **1**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal
(Total of this page)

| | |
|---|---|
| **0.00** | |
| **0.00** | **0.00** |

In re __Summit Business Media Holding Company__ ,     Case No. __11-10231 (PJW)__

                               Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **5114** <br><br> **NEW YORK STATE CORP TAX PROCESSING UNIT PO BOX 22094 ALBANY, NY 12201-2094** | - | | Income\Franchise Tax | X | X | X | Unknown | Unknown <br><br> Unknown |
| Account No. **2397** <br><br> **STATE OF CALIFORNIA PO BOX 942857 SACRAMENTO, CA 94257** | - | | Income\Franchise Tax | X | X | X | Unknown | Unknown <br><br> Unknown |
| Account No. **x1325** <br><br> **WISCONSIN DEPARTMENT OF REVENUE PO BOX 8908 MADISON, WI 53708-2010** | - | | Income\Franchise Tax | X | X | X | Unknown | Unknown <br><br> Unknown |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 <br> 0.00 | 0.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 <br> 0.00 | 0.00 |

In re   **Summit Business Media Holding Company**      ,    Case No.   **11-10231 (PJW)**

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No.<br><br>**JOSEPH A. TORRES<br>C/O BERNARDO GONZALEZ, ESQ.<br>7362 REMCON CIRCLE<br>EL PASO, TX 79912** | - | | | **Litigation** | X | X | X | **Unknown** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

| | | | Subtotal<br>(Total of this page) | **0.00** |
|---|---|---|---|---|
|   **0**   continuation sheets attached | | | | |
| | | | Total<br>(Report on Summary of Schedules) | **0.00** |

.

In re    **Summit Business Media Holding Company**            Case No.   **11-10231 (PJW)**
                                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re **Summit Business Media Holding Company**                          Case No. __11-10231 (PJW)__

Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **AGENT MEDIA CORP.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>  **Guaranty - Second Lien Debt** |
| **AGENT MEDIA CORP.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>  **Guaranty - First Lien Debt** |
| **FUTURES MAGAZINE, INC.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>  **Guaranty - Second Lien Debt** |
| **FUTURES MAGAZINE, INC.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>  **Guaranty - First Lien Debt** |
| **JUDY DIAMOND ASSOCIATES, INC.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>  **Guaranty - First Lien Debt** |
| **JUDY DIAMOND ASSOCIATES, INC.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>  **Guaranty - Second Lien Debt** |
| **MINING INDABA, LLC**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>  **Guaranty - Second Lien Debt** |

**2**
____ continuation sheets attached to Schedule of Codebtors

# SCHEDULE H - CODEBTORS
### (Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **MINING INDABA, LLC**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>    **Guaranty - First Lien Debt** |
| **NUCO BUSINESS INFORMATION, LLC**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>    **Guaranty - Second Lien Debt** |
| **NUCO BUSINESS INFORMATION, LLC**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>    **Guaranty - First Lien Debt** |
| **RESEARCH HOLDINGS, LTD.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>    **Guaranty - Second Lien Debt** |
| **RESEARCH HOLDINGS, LTD.**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>    **Guaranty - First Lien Debt** |
| **SUMMIT BUSINESS MEDIA INTERMEDIATE**<br>**HOLDING COMPANY, LLC**<br>**475 PARK AVENUE SOUTH**<br>**NEW YORK, NY 10016** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>    **Second Lien Debt** |
| **SUMMIT BUSINESS MEDIA INTERMEDIATE**<br>**HOLDING COMPANY, LLC**<br>**475 PARK AVENUE SOUTH**<br>**NEW YORK, NY 10016** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>    **First Lien Debt** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                    Best Case Bankruptcy

In re    __Summit Business Media Holding Company_____ ,    Case No.   __11-10231 (PJW)_____

Debtor

# SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **THE NATIONAL UNDERWRITER COMPANY**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **ARES CAPITAL CORPORATION**<br>**AS AGENT**<br>**ATTN: RUTH MOLINA**<br>**280 PARK AVE, 28TH FLOOR**<br>**NEW YORK, NY 10017**<br>  Second Lien Debt |
| **THE NATIONAL UNDERWRITER COMPANY**<br>**5081 OLYMPIC BOULEVARD**<br>**ERLANGER, KY 41018** | **BANK OF MONTREAL**<br>**AS AGENT**<br>**ATTN: JAMES JERZ**<br>**115 S. LASALLE STREET, 12 WEST**<br>**CHICAGO, IL 60603**<br>  First Lien Debt |

Sheet   __2__   of   __2__   continuation sheets attached to the Schedule of Codebtors

# United States Bankruptcy Court
## District of Delaware

In re __Summit Business Media Holding Company__

Debtor(s)

Case No. __11-10231 (PJW)__

Chapter __11__

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Operating Officer & Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __14__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __March 4, 2011__

Signature __/s/ Thomas M. Flynn__

__Thomas M. Flynn__

__Chief Operating Officer & Chief Financial Officer__

_Penalty for making a false statement or concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Delaware

In re    **Summit Business Media Holding Company**      Case No.    **11-10231 (PJW)**

                                                       Debtor(s)      Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None   ■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                 SOURCE

---

### 2. Income other than from employment or operation of business

None   ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                 SOURCE

---

**3. Payments to creditors**

None
■  *Complete a. or b., as appropriate, and c.*

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
☐  b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| **See Attachment 3b** | | | |

None
■  c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| **Joseph A. Torres v. Summit Business Media Cause No. 2010-4427** | **Wrongful Termination** | **In the County Court at Law Number 6 El Paso County, Texas** | **Pending** |

None
■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**See Attachment 9**

**10. Other transfers**

None
■
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■
b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None ☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Summit Business Media Intermediate** | **51-0605392** | **Holding Company, LLC 475 Park Avenue South New York, NY 10016** | **Holding Company** | **10/06/06 to Present** |

None ■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                       ADDRESS

     The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Bruce Laake Vice President of Finance 5081 Olympic Boulevard Erlanger, KY 41018** | **01/25/09 to Present** |
| **Kathy Feiertag Controller 5081 Olympic Boulevard Erlanger, KY 41018** | **01/25/09 to Present** |
| **Thomas M. Flynn Chief Operating Officer and Chief Financial Officer 5081 Olympic Boulevard Erlanger, KY 41018** | **01/25/09 to Present** |

None ☐   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| **Clark, Schaefer, Hackett Co.** | **105 East Fourth Street** | **FYE 2009 (Audit)** |
| | **Suite 1500** | **FYE 2010 (Pending Audit)** |
| | **Cincinnati, OH 45202** | |

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **Bruce Laake** | **5081 Olympic Boulevard**<br>**Erlanger, KY 41018** |
| **Kathy Feiertag** | **5081 Olympic Boulevard**<br>**Erlanger, KY 41018** |
| **Thomas M. Flynn** | **5081 Olympic Boulevard**<br>**Erlanger, KY 41018** |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| **See Attachment 19d** | |

## 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|-------------------|----------------------|--------------------------------------------------------------------|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|

## 21 . Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|
| **Andrew L. Goodenough**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY 41018** | **Director, President and Chief Executive Officer** | **5% or more of Common Stock Ownership** |
| **Anthony C. Reilly**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY 41018** | **Director** | |
| **Efrem Zimbalist, III**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY 41018** | **Director** | |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **James M. Alic**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY 41018** | **Director** | |
| **James P. TenBroek**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY 41018** | **Director** | |
| **Thomas M. Flynn**<br>**5081 Olympic Boulevard**<br>**Erlanger, KY 41018** | **Chief Operating Officer and**<br>**Chief Financial Officer** | |
| **Wind Point Partners V, L.P.**<br>**676 N. Michigan Avenue**<br>**Suite 3700**<br>**Chicago, IL 60611** | **Shareholder** | **26% of Common Stock Ownership** |
| **Wind Point Partners VI, L.P.**<br>**676 N. Michigan Avenue**<br>**Suite 3700**<br>**Chicago, IL 60611** | **Shareholder** | **58% of Common Stock Ownership** |

---

**22 . Former partners, officers, directors and shareholders**

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

**25. Pension Funds.**

None ☐    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Summit Business Media** | **20-5605547** |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **March  4, 2011**                    Signature    **/s/ Thomas M. Flynn**
                                                          **Thomas M. Flynn**
                                                          **Chief Operating Officer & Chief Financial Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| ABSOL INTERNET BUSINESS SOLUTIONS<br>P O BOX 301<br>GARSFONTEIN, 0042 PAGE<br>SOUTH AFRICA<br>98/25038-07 | 01/13/11 | $41,146.58 | |
| ARABELLA GRAND HOTEL LTD<br>CONVENTION SQUARE<br>LOWER LONG STREET<br>CAPE TOWN<br>SOUTH AFRICA | 01/13/11 | $34,148.24 | |
| BOHLE CONFERENCE & LANGUAGE SVC<br>QUEENS ROAD<br>CAPE TOWN<br>SOUTH AFRICA | 01/20/11 | $15,980.23 | |
| CTICC<br>PO BOX 8120<br>ROGGEBAAI, CAPE TOWN<br>SOUTH AFRICA  8012 | 11/30/10<br>01/13/11 | $336,923.72<br>$376,062.74<br>$712,986.46 | |
| DE AFRIQUE TOURS AND TRAVEL<br>PO BOX 55378<br>SUNSET BEACH<br>SOUTH AFRICA  7441 | 01/20/11<br>01/24/11 | $23,232.65<br>$4,924.69<br>$28,157.34 | |

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 3b**
**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| DE AFRIQUE TOURS AND TRAVEL LTD<br>PO BOX 55378<br>SUNSET BEACH<br>SOUTH AFRICA  7441 | | | |
| | 12/13/10 | $50,866.84 | |
| OASYS INNOVATIONS LTD<br>PO BOX 6347<br>CAPE TOWN<br>SOUTH AFRICA | | | |
| | 01/13/11 | $298,460.57 | |
| O'BRIEN RECRUITMENT<br>50 RIEBEEK ST<br>CAPE TOWN<br>SOUTH AFRICA  8001 | | | |
| | 01/21/11 | $22,425.24 | |
| OUTSMART MARKETING<br>PO BOX 411<br>LANSERIA<br>SOUTH AFRICA  1748 | | | |
| | 12/08/10 | $9,943.23 | |
| SHAPE OF AFRICA<br>PO BOX 55378<br>SUNSET BEACH<br>SOUTH AFRICA  7441 | | | |
| | 11/30/10 | $7,605.45 | |
| VERGELEGEN WINES LTD<br>PO BOX 17<br>SOMERSET WEST<br>SOUTH AFRICA  7129 | | | |
| | 01/13/11 | $150,300.30 | |

**Summit Business Media Holding Company**

**STATEMENT OF FINANCIAL AFFAIRS**

**ATTACHMENT 3b**

**(3b) Payments to Creditors within 90 days**

Note: For "Amount Still Owing" as of the petition date, please refer to Schedules D, E and F of the Debtor's Bankruptcy Schedules.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| VIZIRAMA LTD PO BOX 146 HOWARD PLACE SOUTH AFRICA  7450 | | | |
| | 01/24/11 | $17,235.90 | |

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE: The following payments were made by The National Underwriter Company on behalf of itself and related debtors Summit Business Media Holding Company, Agent Media Corp, Futures Magazine Inc., Judy Diamond Associates, Inc., Mining INDABA, LLC, NUCO Business Information, LLC, Research Holdings, Ltd., and Summit Business Media Intermediate Holding Company, LLC.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Bingham McCutchen LLP | The National Underwriter Company | 02/04/10 | $1,018.40 |
| PO Box 3486 | The National Underwriter Company | 03/04/10 | $807.60 |
| Boston, MA 02241-3486 | The National Underwriter Company | 05/20/10 | $1,659.95 |
| | The National Underwriter Company | 05/27/10 | $55,849.90 |
| | The National Underwriter Company | 05/28/10 | $19,746.82 |
| | | | $79,082.67 |
| Clark, Schaefer, Hackett Co. | The National Underwriter Company | 08/19/10 | $3,224.00 |
| 105 East Fourth St. | The National Underwriter Company | 12/14/10 | $19,070.00 |
| Suite 1500 | The National Underwriter Company | 12/14/10 | $17,622.00 |
| Cincinnati, OH 45202 | The National Underwriter Company | 01/19/11 | $7,250.00 |
| | | | $47,166.00 |
| G. H. Smart & Company, Inc. | Wind Point Advisors, LLC [1] | 06/25/10 | $17,683.90 |
| 24505 Network Place | | | $17,683.90 |
| Chicago, IL 60673-1245 | | | |
| Imperial Capital LLC | The National Underwriter Company | 04/22/10 | $55,521.22 |
| (Pershilng LLC - Imperial Disbursements) | The National Underwriter Company | 03/19/10 | $50,000.00 |
| 2000 Avenue of the Stars, 9th Floor south | The National Underwriter Company | 06/15/10 | $125,291.50 |
| Los Angeles, CA 90067 | | | $230,812.72 |
| Kaye Scholer, LLC | Wind Point Advisors, LLC [1] | 12/17/10 | $53,647.55 |
| Three First National Plaza, Suite 4100 | | | $53,647.55 |
| 70 West Madison St. | | | |
| Chicago, IL 60602 | | | |
| Lincoln Partners Advisors LLC | The National Underwriter Company | 02/25/10 | $100,474.37 |
| Attn: Ms. Donna M. Criel, VP | The National Underwriter Company | 03/11/10 | $75,059.73 |
| 500 West Madison Street, Suite 3900 | The National Underwriter Company | 05/20/10 | $75,221.42 |
| Chicago, IL 60661 | The National Underwriter Company | 05/27/10 | $75,507.94 |
| | The National Underwriter Company | 06/10/10 | $75,331.44 |
| | The National Underwriter Company | 07/15/10 | $125,312.31 |
| | The National Underwriter Company | 08/19/10 | $125,349.67 |
| | The National Underwriter Company | 09/16/10 | $126,416.56 |
| | The National Underwriter Company | 11/11/10 | $125,402.67 |

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE: The following payments were made by The National Underwriter Company on behalf of itself and related debtors Summit Business Media Holding Company, Agent Media Corp, Futures Magazine Inc., Judy Diamond Associates, Inc., Mining INDABA, LLC, NUCO Business Information, LLC, Research Holdings, Ltd., and Summit Business Media Intermediate Holding Company, LLC.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Lincoln Partners Advisors LLC | The National Underwriter Company | 11/11/10 | $125,316.22 |
| Attn: Ms. Donna M. Criel, VP | The National Underwriter Company | 12/09/10 | $127,697.20 |
| 500 West Madison Street, Suite 3900 | The National Underwriter Company | 01/06/11 | $125,390.82 |
| Chicago, IL 60661 | The National Underwriter Company | 01/07/11 | $1,000.00 |
| | | | $1,283,480.35 |
| | | | |
| Macquarie Capital (USA) Inc. | The National Underwriter Company | 03/25/10 | $30,082.00 |
| 125 West 55th Street, Level 9 | The National Underwriter Company | 04/01/10 | $205,000.00 |
| New York, NY 10019 | The National Underwriter Company | 07/15/10 | $706,205.00 |
| | The National Underwriter Company | 08/26/10 | $125,650.00 |
| | The National Underwriter Company | 09/30/10 | $125,114.00 |
| | The National Underwriter Company | 11/04/10 | $125,000.00 |
| | The National Underwriter Company | 12/09/10 | $125,099.00 |
| | The National Underwriter Company | 12/15/10 | $200,719.00 |
| | The National Underwriter Company | 01/20/11 | $157,424.00 |
| | | | $1,800,293.00 |
| | | | |
| Mark A. Dacey | The National Underwriter Company | 04/27/10 | $10,000.00 |
| 63 Adams Lane | | | $10,000.00 |
| New Canaan, CT 06840 | | | |
| | | | |
| Mayer Brown LLP | The National Underwriter Company | 04/15/10 | $22,863.94 |
| 2027 Collection Center Drive | The National Underwriter Company | 04/15/10 | $1,980.14 |
| Chicago, IL 60693-0020 | The National Underwriter Company | 05/06/10 | $45,095.80 |
| | The National Underwriter Company | 05/06/10 | $38,160.90 |
| | The National Underwriter Company | 05/20/10 | $53,239.20 |
| | The National Underwriter Company | 05/20/10 | $6,703.75 |
| | The National Underwriter Company | 07/15/10 | $116,849.88 |
| | The National Underwriter Company | 09/30/10 | $83,572.51 |
| | The National Underwriter Company | 09/30/10 | $155,425.89 |
| | The National Underwriter Company | 10/07/10 | $129,218.62 |
| | The National Underwriter Company | 11/23/10 | $185,124.94 |
| | The National Underwriter Company | 12/14/10 | $570,975.02 |
| | The National Underwriter Company | 12/15/10 | $346,160.52 |
| | The National Underwriter Company | 01/20/11 | $444,584.78 |
| | | | $2,199,955.89 |
| | | | |
| Morgan Lewis & Bockius, LLP | The National Underwriter Company | 09/23/10 | $19,277.00 |
| PO Box 8500 S-6050 | The National Underwriter Company | 11/11/10 | $10,455.00 |
| Philadelphia, PA 19178 | The National Underwriter Company | 12/14/10 | $25,040.00 |

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE:  The following payments were made by The National Underwriter Company on behalf of itself and related debtors Summit Business Media Holding Company, Agent Media Corp, Futures Magazine Inc., Judy Diamond Associates, Inc., Mining INDABA, LLC, NUCO Business Information, LLC, Research Holdings, Ltd., and Summit Business Media Intermediate Holding Company, LLC.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Morgan Lewis & Bockius, LLP | The National Underwriter Company | 01/19/11 | $22,296.00 |
| PO Box 8500 S-6050 | | | $77,068.00 |
| Philadelphia, PA 19178 | | | |
| | | | |
| Reed Smith LLP | The National Underwriter Company | 02/04/10 | $360.00 |
| 2672 Payshpere Circle | The National Underwriter Company | 05/06/10 | $25,090.00 |
| Chicago, IL 60674 | The National Underwriter Company | 05/06/10 | $1,110.00 |
| | The National Underwriter Company | 05/06/10 | $3,420.00 |
| | The National Underwriter Company | 05/06/10 | $7,106.25 |
| | The National Underwriter Company | 06/10/10 | $16,209.45 |
| | The National Underwriter Company | 08/12/10 | $96,500.20 |
| | The National Underwriter Company | 08/26/10 | $133,850.94 |
| | The National Underwriter Company | 09/09/10 | $87,886.18 |
| | The National Underwriter Company | 10/21/10 | $90,568.45 |
| | The National Underwriter Company | 11/11/10 | $81,840.00 |
| | The National Underwriter Company | 12/09/10 | $63,589.25 |
| | The National Underwriter Company | 12/14/10 | $200,000.00 |
| | The National Underwriter Company | 12/14/10 | $403,010.75 |
| | The National Underwriter Company | 01/21/11 | $230,000.00 |
| | | | $1,440,541.47 |
| | | | |
| Sidley Austin LLP | The National Underwriter Company | 01/24/11 | $160,168.64 |
| One South Dearborn | | | $160,168.64 |
| Chicago, IL 60602 | | | |
| | | | |
| The Garden City Group, Inc. | The National Underwriter Company | 12/09/10 | $30,000.00 |
| 105 Maxess Road | The National Underwriter Company | 01/20/11 | $10,000.00 |
| Melville, NY 11747 | | | $40,000.00 |
| | | | |
| The Spanfeller Group | The National Underwriter Company | 01/28/10 | $70,000.00 |
| Attn Jim Spanfeller | The National Underwriter Company | 02/25/10 | $70,000.00 |
| 34 West 87th Street | The National Underwriter Company | 03/17/10 | $70,000.00 |
| New York, NY 10024 | The National Underwriter Company | 04/27/10 | $70,000.00 |
| | The National Underwriter Company | 05/06/10 | $35,459.21 |
| | The National Underwriter Company | 06/17/10 | $35,000.00 |
| | Wind Point Advisors, LLC [1] | 07/21/10 to 09/17/10 | $541.40 |
| | The National Underwriter Company | 07/08/10 | $35,000.00 |
| | The National Underwriter Company | 10/14/10 | $2,605.00 |
| | | | $388,605.61 |

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 9**

**(9) Payments Related to Bankruptcy Within One Year**

NOTE:  The following payments were made by The National Underwriter Company on behalf of itself and related debtors
Summit Business Media Holding Company, Agent Media Corp, Futures Magazine Inc., Judy Diamond Associates, Inc., Mining
INDABA, LLC, NUCO Business Information, LLC, Research Holdings, Ltd., and Summit Business Media Intermediate Holding
Company, LLC.

| NAME AND ADDRESS OF PAYEE | NAME OF PAYOR, IF OTHER THAN DEBTOR | DATE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|
| Womble Carlyle Sandridge & Rice | The National Underwriter Company | 12/16/10 | $4,261.50 |
| 222 Delaware Avenue | The National Underwriter Company | 01/21/11 | $3,657.50 |
| Wilmington, DE 19801 | | | $7,919.00 |

[1.] Payments made by Wind Point Advisors, LLC on behalf of The National Underwriter Company and related Debtors, which
are to be reimbursed by the Debtors.

**Summit Business Media Holding Company**
**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 19d**

**(19d) Financial Institutions, Creditors and Other Parties to Whom a**
**Financial Statement Was Issued Within Two Years**

| NAME AND ADDRESS | NAME OF PARTY TO WHOM FINANCIAL STATEMENT WAS ISSUED | DATE ISSUED |
|---|---|---|
| **Active Interest Media**<br>300 Continental Blvd, Suite 650<br>El Segundo, CA 90245 | Efrem Zimbalist III | Quarterly |
| **Ares Management, LLC**<br>280 Park Ave, 22nd Floor East<br>New York, NY 10017 | Chrissy Lamont | Monthly |
| **Bank of Montreal**<br>115 S LaSalle Street<br>Chicago, IL 60603 | Jack Kane<br>James Jerz<br>Kimberly Ptak<br>Michael Fitzmaurice | Monthly<br>Monthly<br>Monthly<br>Monthly |
| **Clark Schaefer Hackett Co.**<br>105 East Fourth Street, Suite 1500<br>Cincinnati, OH 45202 | Michelle Argueta | Annually |
| **James M. Alic**<br>172 Summit View Rd<br>Ludlow, VT 05149 | James M. Alic | Quarterly |
| **Lincoln Partners Advisors LLC**<br>400 Madison Avenue, 21st Fl<br> New York, NY 10017 | Jason Solganick<br>Joseph Radecki | Monthly |
| **Penniman Creek Capital**<br>92 Warren Street, Apt 9<br>New York, NY 10007 | Anthony C. Reilly | Monthly<br>Quarterly |
| **Wind Point Partners**<br>676 N. Michigan Avenue, Suite 3700<br>Chicago, IL 60611 | Alex Washington<br>Bob Cummings<br>Jim TenBroek<br>Ryan Schweet | Quarterly<br>Quarterly<br>Quarterly<br>Monthly |

In addition, the Debtor and its affiliates, as a consolidated group, provided or may have provided financial statements or certain financial information to potential customers, lenders, investors, ratings agencies or other parties in the ordinary course of business.