# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Summit Business Media Holding Company, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10231 (PJW)<br>Jointly Administered<br><br>**Re: Docket Nos. 69, 47, 68, 70, 141, 142, 143, and 144** |

## ORDER (I) APPROVING THE DEBTORS' JOINT DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THEIR JOINT PLAN OF REORGANIZATION, INCLUDING: (A) APPROVING THE FORM AND MANNER OF DISTRIBUTION OF SOLICITATION PACKAGES, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING A RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING THE DEADLINE FOR RECEIPT OF BALLOTS, AND (F) APPROVING THE PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING THE DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO: (A) CONFIRMATION OF THE PLAN AND (B) PROPOSED CURE AMOUNTS RELATED TO CONTRACTS AND LEASES ASSUMED UNDER THE PLAN; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, and 3020, and Local Rules 2002-1 and 3017-1, for entry of an order (i) approving the Disclosure Statement; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including: (a) approving the

---

[1] The Debtors in these Cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Futures Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Associates, Inc. (0517); and (ix) Mining INDABA, LLC (4592). Individual case numbers are available on reasonable request.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

form and manner of distribution of the solicitation packages, (b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a record date and approving procedures for distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing the deadline and procedures for filing objections to: (a) confirmation of the Plan and (b) proposed cure amounts for executory contracts and unexpired leases that may be assumed as part of the Plan; (iv) granting related relief, all as set forth in the Motion, the Court finds that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of these Cases and the Motion are proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (d) notice of the Motion and hearing was sufficient under the circumstances; (e) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and (f) upon the record herein, and after due deliberation, good and sufficient cause exists for the relief requested. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED as follows:**

1. The Motion is GRANTED as set forth herein.

2. The First Amended Disclosure Statement in Support of First Amended Joint Plan of Reorganization of Summit Business Media Holding Company and its Affiliated Debtors Under Chapter 11 of the United States Bankruptcy Code (D.I. 143; the "First Amended Disclosure Statement") is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the First Amended Disclosure Statement not otherwise consensually resolved are overruled.

3. The Debtors shall mail or caused to be mailed to holders of Claims entitled to vote on the First Amended Joint Plan of Reorganization of Summit Business Media Holding Company and its Affiliated Debtors Under Chapter 11 of the United States Bankruptcy Code (D.I. 141; the "First Amended Plan") no later than **March 31, 2011**, a solicitation package (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion) containing: (a) written notice (the "Confirmation Hearing Notice"), substantially in the form attached to the Motion as Exhibit B, which Confirmation Hearing Notice is hereby approved, of (i) the Court's approval of the First Amended Disclosure Statement, (ii) the deadline for voting on the First Amended Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to confirmation of the First Amended Plan; (b) the First Amended Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (c) the First Amended Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion); (d) the appropriate ballots (substantially in the forms attached to the Motion as Exhibits C-1, C-2, and C-3) and ballot return envelope; and (e) such other information as the Court may direct or approve (collectively, the "Solicitation Package"). The Debtors shall send to each impaired creditor entitled to vote on the First Amended Plan (a) only the Solicitation Package appropriate for the class applicable to such creditor, and (b) only one Solicitation Package even if such creditor has Claims against more than one of the Debtors. The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

4. On or before **March 31, 2011**, the Debtors shall mail or cause to be mailed to each of the known counterparties to the Contracts and Leases a Confirmation Hearing Notice and

US_ACTIVE-105490183.4

the First Amended Disclosure Statement and Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Debtors' discretion).

5. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties. On or before **March 31, 2011**, the Debtors shall mail or cause to be mailed to each Non-Voting Party the Non-Voting Holder Notice substantially in the form attached to the Motion as Exhibit D, which Non-Voting Holder Notice is hereby approved.

6. **March 28, 2011** is established as the record date (the "Record Date") for the purposes of determining the creditors and interest holders entitled to receive the Solicitation Package or the Non-Voting Holder Notice, as applicable.

7. The Garden City Group, Inc. ("GCG" or the "Balloting Agent") shall tabulate the ballots and certify to the Court the results of the balloting.

8. The Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Holder Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service as undeliverable, unless the Debtors are provided with an accurate address.

9. The Ballots, substantially in the forms attached to the Motion as Exhibits C-1, C-2, and C-3, are hereby approved.

10. All Ballots must be properly executed, completed, and delivered to the Balloting Agent, if by first class mail, at **The Garden City Group, Inc., Attn: Summit Balloting Agent, P.O. Box 9655, Dublin, OH 43017-4955**, and, if by courier service, overnight or hand delivery, at **The Garden City Group, Inc., Attn: Summit Balloting Agent, 5151 Blazer Pkwy., Suite A, Dublin, OH 43017**, so that the Ballots are received on or before **April 28, 2011 at 5:00 p.m.**

- 4 -

**(Eastern Time)** (the "Voting Deadline"), unless extended by the Debtors. Ballots cast by facsimile, email, or other electronic transmission will not be counted unless approved in advance by the Debtors in writing.

11. For purposes of voting on the Plan, the amount of a claim held by a creditor shall be determined pursuant to the following guidelines:

   (a) The claim listed in a Debtor's schedule of liabilities, provided that (i) such claim is not scheduled as contingent, unliquidated, undetermined, or disputed, and (ii) no Proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

   (b) The noncontingent and liquidated amount specified in a Proof of Claim timely filed with the Court or GCG (or otherwise deemed timely filed by the Court under applicable law) to the extent the Proof of Claim has not been superseded or amended by another Proof of Claim and is not the subject of an objection, either generally to the applicable claim or solely for purposes of determining the amount of the applicable claim for voting purposes, filed no later than **April 11, 2011** (the "Vote Objection Deadline") (or, if such claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

   (c) The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided, and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

   (d) Except as otherwise provided in subsection (c) hereof, with respect to a ballot cast by an alleged creditor whose claim (i) is not listed on a Debtor's schedule of liabilities or (ii) is listed as disputed, contingent, and/or unliquidated on a Debtor's schedule of liabilities, but who has timely filed a Proof of Claim in an unliquidated or unknown amount that is not the subject of an objection filed before the Vote Objection Deadline, such ballot shall be counted as a vote in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met but shall not be counted in determining whether the aggregate claim amount requirement has been met.

12. Creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) (other than those responding to an

objection) must file and serve notice of hearing on a motion (the "Claims Estimation Motion") for such relief no later than **April 18, 2011**. The Court will schedule a hearing on such motion to be heard at or prior to the Confirmation Hearing. If a creditor casts a ballot and has timely filed a Proof of Claim (or has otherwise had a Proof of Claim deemed timely filed by the Court under applicable law), but the creditor's claim is the subject of an objection (either generally to the applicable claim, or solely for purposes of determining the amount of the applicable claim for voting purposes) filed no later than the Vote Objection Deadline, the creditor's ballot shall not be counted, unless such claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor on or before **April 18, 2011**, notice is provided, the Debtors are provided an opportunity to respond by **May 2, 2011**, and a hearing is held at or prior to the Confirmation Hearing. Notwithstanding the foregoing, if an objector to a claim requests that such claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's ballot shall, to the extent either mutually acceptable to the claimant, objector and Debtors or as ordered by the Bankruptcy Court after notice and hearing, be counted in such reduced amount and/or under the reclassified category.

13. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

   (a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims against the same Debtor held by a single creditor in a particular class will be aggregated and treated as if such creditor held one claim in such class, and the vote related to such claim will be treated as a single vote to accept or reject the Plan.

   (b) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot that partially rejects and partially accepts the Plan *shall not be counted*.

   (c) Ballots that indicate both acceptance and rejection of the Plan *shall not be counted* as votes to accept or reject the Plan.

- 6 -

(d) Ballots that fail to indicate an acceptance or rejection of the Plan *shall not be counted* as votes to accept or reject the Plan.

(e) Ballots that indicate an acceptance or rejection of the Plan and which are otherwise properly executed and received prior to the Voting Deadline, *shall be counted* as votes to accept or reject the Plan.

(f) Only ballots that are timely received prior to the Voting Deadline and that are properly executed will be counted.

(g) Unsigned ballots *shall not be counted*.

(h) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, *shall not be counted*.

(i) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, *shall not be counted*.

(j) Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots.

(k) If a creditor simultaneously casts inconsistent duplicate ballots, with respect to the same claim, such ballots *shall not be counted*.

(l) Each creditor shall be deemed to have voted the full amount of its claim.

(m) Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Balloting Agent and the Debtors, which determination shall be final and binding.

14. Any objection, comment, or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before **April 28, 2011 at 4:00 p.m. (Eastern Time)** (the "Confirmation Objection Deadline"). The Court shall consider only written objections that are timely filed and served by the Confirmation Objection Deadline. All objections not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived. Objections to

confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties:

> ***The Debtors***: Summit Business Media Holding Company and affiliated debtors, 5081 Olympic Blvd., Erlanger, KY 41018 (Attn: Tom Flynn, COO and CFO);
>
> ***Counsel for the Debtors:*** Reed Smith LLP, 1201 N. Market Street, Suite 1500, Wilmington, DE, 19801 (Attn: Kimberly E.C. Lawson, Esquire); and Reed Smith LLP, 599 Lexington Avenue, 22nd Floor, New York, New York 10022 (Attn: J. Andrew Rahl, Esquire);
>
> ***Counsel for the Agents to the Debtors' Pre-Petition and Proposed Post-Petition Secured Lenders:*** Mayer Brown LLP, 71 S. Wacker Dr., Chicago, IL 60606 (Attn: J. Robert Stoll, Esquire and John J. Voorhees, Jr., Esquire); Bingham McCutchen LLP, 399 Park Avenue, New York, NY 10022-4689 (Attn: Katherine G. Weinstein, Esquire); and Sidley Austin LLP, One South Dearborn Street, Chicago, IL 60603 (Attn: John Box, Esquire); and
>
> ***Office of the United States Trustee***: 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David L. Buchbinder, Esquire).

15. Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the Confirmation Hearing.

16. A hearing shall be held before this Court on **May 5, 2011 at 3:30 p.m. (Eastern Time)**, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 6th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

17. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties in interest other than an announcement of the adjourned date at the Confirmation Hearing or any adjournment thereof or an appropriate filing with the Bankruptcy Court.

18. The following procedures are approved for establishing the Cure Amounts for the executory contracts and leases to be assumed pursuant to the Plan:

(a) the Debtors will cause the Notice of (i) Possible Assumption of Contracts and Leases, (ii) Fixing of Cure Amounts, and (iii) Deadline to Object Thereto (the "Cure Notice"), in a form substantially similar to the notice attached to the Motion as Exhibit E, which Cure Notice is hereby approved, to be served on the non-debtor parties to all Assumed Contracts and Leases on or before **April 18, 2011**. Among other things, the Cure Notice shall set forth the Cure Amount that the Debtors believe must be paid in order to cure all monetary defaults under each of the Assumed Contracts and Leases;[3]

(b) the non-debtor parties to the Assumed Contracts and Leases shall have until the Confirmation Objection Deadline, which deadline may be extended in the sole discretion of the Debtors, to object (a "Cure Objection") to the (i) Cure Amounts listed by the Debtors and to propose alternative cure amounts and/or (ii) proposed assumption of the Assumed Contracts and Leases under the Plan; *provided, however*, that if, subsequent to **April 18, 2011**, the Debtors amend the list of the Assumed Contracts and Leases to add a contract or lease or to reduce the Cure Amount thereof, except where such reduction was based upon the mutual agreement of the parties, the non-debtor party thereto shall have at least seven (7) calendar days after service of such amendment to object thereto or to propose an alternative Cure Amount(s);

(c) any party objecting to the Cure Amount(s), whether or not such party previously has filed a Proof of Claim with respect to amounts due under the applicable Assumed Contract or Lease, or objecting to the potential assumption of such Assumed Contract or Lease, shall be required to file and serve a Cure Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Assumed Contract or Lease and/or any and all objections to the potential assumption of such Assumed Contract or Lease, together with all documentation supporting such cure claim or objection, upon each of the notice parties so that the ***Cure Objection is actually received by them no later than the Confirmation Objection Deadline***. If a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Court shall determine the amount of any disputed Cure Amount(s) or adjudicate such Cure Objection at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree. The Debtors may, in their sole discretion, extend the Confirmation Objection Deadline without further notice, but are not obligated to do so; and

---

[3] Receipt of a Cure Notice does not constitute a determination by the Debtors to assume any executory contract or unexpired lease; the Debtors may still decide not to assume any executory contract or unexpired lease through the Plan or otherwise.

(d)     in the event that no Cure Objection is timely filed with respect to an Assumed Contract or Lease, the counterparty to such Assumed Contract or Lease shall be deemed to have consented to the assumption of the Assumed Contract or Lease and the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. In addition, if no timely Cure Objection is filed with respect to an Assumed Contract or Lease, upon the effective date of the Plan, the Reorganized Debtors and the counterparty to such Assumed Contract or Lease shall enjoy all of the rights and benefits under the Assumed Contract or Lease without the necessity of obtaining any party's written consent to the Debtors' assumption of the Assumed Contract or Lease, and such counterparty shall be deemed to have waived any right to object, consent, condition, or otherwise restrict the Debtors' assumption of the Assumed Contract or Lease.

The inclusion of a Contract or Lease in the Cure Notice is without prejudice to the Debtors' right to modify their election to assume or to reject such Contract or Lease prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) deeming any such Contract or Lease assumed or rejected, and inclusion in the Cure Notice is *not* a final determination that any Contract or Lease will, in fact, be assumed.

19.     Prior to mailing the First Amended Disclosure Statement, Solicitation Packages, Non-Voting Holder Notices, or the Cure Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors, and make such other non-material, non-substantive changes as they deem appropriate.

20.     GCG is authorized, but not directed, to contact creditors who have submitted invalid Ballots in order to correct the defect in such creditor's Ballot.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

US_ACTIVE-105490183.4

23. The Court shall retain jurisdiction with respect to all matters arising under or relating to the implementation and enforcement of this Order.

Dated: March 28, 2011
Wilmington, Delaware

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge

US_ACTIVE-105490183.4