

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SUMMIT BUSINESS MEDIA HOLDING COMPANY, *et al.*,[1] | Case No. 11-10231 (PJW) |
| | Jointly Administered |
| Debtors. | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF SUMMIT BUSINESS MEDIA HOLDING COMPANY AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

The First Amended Joint Plan of Reorganization of Summit Business Media Holding Company and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (as amended, modified or supplemented by the Plan Modifications (as defined below), the "Plan")[2] having been filed with the Bankruptcy Court (the "Court") [D.I. 141] by Summit Business Media Holding Company and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"); and the Amended Disclosure Statement in Support of First Amended Joint Plan of Reorganization of Summit Business Media Holding Company and its Affiliated Debtors Under Chapter 11 of the United States Bankruptcy Code (the "Disclosure Statement") [D.I. 143] having been filed with the Court; and the Disclosure Statement, and appropriate ballots for voting on the Plan, having been approved, and transmitted to holders of Class 1 Claims, Class 4 Claims, and Class 5 Claims, pursuant to that certain Order (I) Approving the Debtors' Joint Disclosure

---

[1] The Debtors in these Cases are: (i) Summit Business Media Holding Company (5547); (ii) Summit Business Media Intermediate Holding Company, LLC (5392); (iii) The National Underwriter Company (8770); (iv) Research Holdings, LTD. (5228); (v) Futures Magazine, Inc. (1102); (vi) NUCO Business Information, LLC (7364); (vii) Agent Media Corporation (3991); (viii) Judy Diamond Associates, Inc. (0517); and (ix) Mining INDABA, LLC (4592). Individual case numbers are available on reasonable request.

[2] All capitalized terms used and not otherwise defined in this Confirmation Order shall have the meanings ascribed to them in the Plan.

Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Their Joint Plan of Reorganization, Including: (A) Approving the Form and Manner of Distribution of Solicitation Packages, (B) Approving the Form and Manner of Notice of the Confirmation Hearing, (C) Establishing a Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing the Deadline for Receipt of Ballots, and (F) Approving the Procedures for Vote Tabulations; (III) Establishing the Deadline and Procedures for Filing Objections to: (A) Confirmation of the Plan and (B) Proposed Cure Amounts Related to Contracts and Leases Assumed Under the Plan; and (IV) Granting Related Relief (the "Solicitation Procedures Order") [D.I. 153] (the modification of such plan contained in Paragraph 3 hereof, together with any subsequent amendments or modifications to address any additional comments of parties in interest or objections filed with the Court, are hereinafter referred to as the "Plan Modifications"); and the Debtors having filed its Memorandum of Law in Support of Entry of an Order Confirming the First Amended Joint Plan of Reorganization for Summit Business Media Holding Company and its Affiliated Debtors Under Chapter 11 of the United States Bankruptcy Code, with this Court on May 3, 2011 (the "Confirmation Memorandum"); and the hearing to consider the confirmation of the Plan having been held before this Court on May 5, 2011 (the "Confirmation Hearing") after due and sufficient notice was given to holders of Claims against, and Equity Interests in, the Debtors and other parties in interest in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the local bankruptcy rules of this Court, in each case as established by the declaration of service, mailing and/or publication filed with this Court prior to the Confirmation Hearing (collectively, the

"Notice Affidavit");[3] and upon all of the proceedings held before this Court and after full consideration of: (i) the objection of Mark Armstrong to the confirmation of the Plan filed with this Court (the "Objection"); (ii) the Declaration of Paul V. Kinealy, Esquire of the Garden City Group Inc. Regarding Voting on, and Tabulation of, Ballots Accepting and Rejecting the Debtors' First Amended Joint Chapter 11 Plan of Reorganization Dated as of April 29, 2011 and filed on May 2, 2011, 2011 [D.I. 189] filed by The Garden City Group ("GCG" or the "Voting and Claims Agent"); (iii) testimony proffered or presented at the Confirmation Hearing, (iv) the declarations and/or affidavits of Jason Solganick and Bruce Laake filed with this Court; (v) all other evidence proffered or adduced at, memoranda and objections filed in connection with and arguments of counsel made at, the Confirmation Hearing; and (vi) the entire record of the above-captioned chapter 11 cases; and after due deliberation thereon; and good cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:[4]

A.    **Chapter 11 Petition.** On January 25, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. No

---

[3] See Declaration of Service filed by The Garden City Group on April 1, 2011 at D.I. 155.

[4] The findings and conclusions set forth in this Confirmation Order and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

official committee of unsecured creditors or other official committee has been appointed in these Chapter 11 Cases.

**B.** **Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))**. This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

**C.** **Judicial Notice.** This Court takes judicial notice of the docket for these jointly administered Chapter 11 Cases maintained by the Clerk of this Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered or adduced at, the hearings held before this Court during the pendency of these jointly administered Chapter 11 Cases.

**D.** **Solicitation of Votes.** Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018 and all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, and all other applicable rules, laws and regulations. All procedures used to distribute ballots to the applicable holders of Claims and to tabulate the ballots were fair and reasonable and conducted in accordance with the Solicitation Procedures Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, and all other applicable rules, laws, and regulations.

**E.** **Notice of Confirmation Hearing.** The Debtors have given proper and sufficient notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d). Due, adequate and sufficient notice of the Confirmation Hearing, along with the deadlines for voting on or filing

objections to the Plan, has been given to all known holders of Claims and Equity Interests substantially in accordance with the procedures set forth in the Solicitation Procedures Order. The Disclosure Statement, Plan, ballots and Solicitation Procedures Order were transmitted and served in compliance with the Solicitation Procedures Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, and all other applicable rules, laws, and regulations, and such transmittal and service were adequate and sufficient under the circumstances.

      **F.**    **Plan Modifications.**  Adequate and sufficient notice of the Plan Modifications has been given and no other or further notice is or shall be required and such Plan Modifications are approved in full.

      **G.**    **Burden of Proof.**  The Debtors, as proponents of the Plan, have the burden of proving the satisfaction of the elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

      **H.**    **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

      (1)    **Proper Classification (11 U.S.C. §§ 1122 & 1123(a)(1)).**  In addition to Administrative Expense Claims, DIP Facility Claims and Priority Tax Claims, which need not be classified, the Plan designates seven (7) Classes of Claims and Equity Interests. The Claims and Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan

and such Classes are proper. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(2) **Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)).** The Plan specifies that Other Secured Claims (Class 2), Other Priority Claims (Class 3), and Equity Interests in all Debtors other than Summit (Class 7) are not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code (collectively, the "Unimpaired Classes").

(3) **Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).** The Plan the Plan designates Pre-Prepetition First Lien Secured Claims (Class 1), Pre-Petition Second Lien Claims (Class 4), General Unsecured Claims (Class 5), and Equity Interests in Summit (Class 6) as impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

(4) **No Discrimination Within Classes (11 U.S.C. § 1123(a)(4)).** The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

(5) **Implementation of Plan (11 U.S.C. § 1123(a)(5)).** The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code.

(6) **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).** The Plan provides that the certificate of incorporation of the Reorganized Debtors shall prohibit the issuance of non-voting equity securities to the extent required by Section 1123(a)(6) of the Bankruptcy Code, thereby satisfying Section 1123(a)(6) of the Bankruptcy Code.

(7)	**Selection of Directors and Officers (11 U.S.C. § 1123(a)(7)).** The Board

of Managers of Reorganized Summit are those individuals designated by the Debtors in the

Supplement to First Amended Joint Plan of Reorganization of Summit Business Media Holding

Company and Its Affiliated Debtors Under Chapter 11 of the United States Bankruptcy Code

(the "Plan Supplement") filed on April 29, 2011 [D.I. 188. Each of the members of these Boards

of Directors or Managers will serve in accordance with the Reorganized Debtors' respective

certificates or articles of incorporation or organization or formation, as appropriate, and bylaws

or operating agreements, as the same may be amended from time to time, and applicable non-

bankruptcy laws. The officers of the Reorganized Debtors will be the individuals who served as

officers of such Debtors immediately prior to the Effective Date.  Such officers will serve in

accordance with the bylaws of the Reorganized Affiliates, as applicable, any employment

agreement with such Reorganized Affiliates and applicable non-bankruptcy law.  The managers

and the officers of the Reorganized Debtors were selected in a manner consistent with the

interests of creditors and with public policy, thereby satisfying Section 1123(a)(7) of the

Bankruptcy Code.

(8)	**Additional Plan Provisions (11 U.S.C. § 1123(b)).**  The Plan's

provisions are appropriate, in the best interests of the Debtors and their Estates and not

inconsistent with the applicable provisions of the Bankruptcy Code, including, without

limitation, provisions for (i) the assumption or rejection of executory contracts and unexpired

leases; (ii) the Reorganized Debtors' retention of certain Causes of Action that the Debtors had

or had power to assert immediately prior to the Effective Date, whether directly or derivatively;

and (iii) releases of various persons and entities, and exculpation of various persons and entities

with respect to actions related to or taken in furtherance of the Chapter 11 Cases and preliminary

and permanent injunctions against certain actions against the Debtors, their Estates and their properties.

(9)     **Identification of Plan (Bankruptcy Rule 3016(a)).**  The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

**I.     The Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.  Specifically:

(1)     The Debtors are a proper debtor under Section 109 of the Bankruptcy Code and proper proponent of the Plan under Section 1121(a) of the Bankruptcy Code.

(2)     The Debtors have complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court.

(3)     The Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, and the Solicitation Procedures Order in transmitting the Plan, the Disclosure Statement, the ballots and related documents and notices and in soliciting and tabulating votes on the Plan.

**J.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).**  The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, this Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases and the formulation and confirmation of the Plan. The Debtors participated in the Plan formulation process and negotiated the Plan at arms' length and in good faith.  The Chapter 11 Cases were filed and the Plan was proposed with the legitimate and honest purpose of

reorganizing the Debtors and maximizing the value of the Debtors' assets and expeditiously distributing consideration to the Debtors' creditors and interest holders pursuant to the Plan.

**K.     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**  Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases requiring approval, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

**L.     Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)).**  The Debtors have complied with Section 1129(a)(5) of the Bankruptcy Code.  The identity and affiliations of the persons proposed to serve as the initial directors or managers and officers of the Reorganized Debtors after confirmation of the Plan have been fully disclosed to the extent such information is available, and the appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Equity Interests in the Debtors and with public policy.  To the extent available, the identity of any insider that will be employed or retained by the Reorganized Debtors and the nature of such insider's compensation have also been fully disclosed.

**M.     No Rate Changes (11 U.S.C. § 1129(a)(6)).**  The Debtors are not subject to any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtors.  Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable in these Chapter 11 Cases.

**N.     Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)).**  The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.  The Liquidation Analysis set forth in the Disclosure Statement, as amended or revised, and other evidence proffered or adduced at the Confirmation

Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either (i) has accepted the Plan or (ii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

       **O.**     **Acceptance by Classes (11 U.S.C. § 1129(a)(8)).** Under Section 1126(f) of the Bankruptcy Code, the Holders of Other Secured Claims (Class 3), Other Priority Claims (Class 3), and Equity Interests in all Debtors other than Summit (Class 7) are not impaired and, thus, are conclusively presumed to have accepted the Plan. The holders of the Pre-Petition First Lien Secured Claims (Class 1), Pre-Petition Second Line Secured Claims (Class 4), and General Unsecured Claims (Class 5) have voted to accept the Plan in accordance with Sections 1126(c) of the Bankruptcy Code. The holders of the Equity Interests in Summit (Class 6) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Consequently, Section 1129(a)(8) of the Bankruptcy Code is satisfied. Even if Section 1129(a)(8) were not satisfied with respect to a rejection by the holders of Class 6 Claims, the Plan may nevertheless be confirmed because the Plan satisfies Section 1129(b) of the Bankruptcy Code with respect to such rejecting Class. Article IV, § 4.5 of the Plan contemplates the non-consensual confirmation of the Plan.

       **P.**     **Treatment of Administrative Expense Claims, Other Priority Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9)).** The treatment of: (a) Allowed Administrative Expense Claims under Article III, § 3.2 of the Plan; (b) Allowed Priority Tax Claims under Article III, §3.3 of the Plan; and (c) Allowed Other Priority Claims under Article III, § 3.6 of the

Plan, satisfy the requirements of Section 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code, respectively, because such Claims will be satisfied in full under the Plan, thereby satisfying Section 1129(a)(9) of the Bankruptcy Code.

Q. **Acceptance by At Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).** The Pre-Petition First Lien Secured Claims (Class 1), Pre-Petition Second Lien Secured Claims (Class 4), and General Unsecured Claims (Class 5) are impaired Classes of Claims that have voted to accept the Plan in accordance with Sections 1126(c) of the Bankruptcy Code, without including any acceptance of the Plan by "insiders," thereby satisfying Section 1129(a)(10) of the Bankruptcy Code.

R. **Feasibility (11 U.S.C. § 1129(a)(11)).** The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Reorganized Debtors being able to meet their financial obligations under the Plan and their businesses in the ordinary course and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Reorganized Debtors, thereby satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

S. **Payment of Fees (11 U.S.C. § 1129(a)(12)).** All fees payable under 28 U.S.C. § 1930 have been paid or will be paid pursuant to Article XIII, § 13.2 of the Plan, thereby satisfying Section 1129(a)(12) of the Bankruptcy Code.

T. **Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).** Pursuant to Article XIII, § 13.3 of the Plan, the Reorganized Debtors shall continue to pay all retiree benefits of the Debtors for the duration of the period for which the Debtors have obligated themselves to provide such benefits, thereby satisfying Section 1129(a)(13) of the Bankruptcy Code.

U.  **No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))**.  The holders of Equity Interests in Summit (Class 6) (the "Rejecting Class") have rejected or are deemed to have rejected the Plan.  The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan does not discriminate unfairly, and is fair and equitable, with respect to the Rejecting Classes, as required by Sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because no holder of any interest that is junior to the Claims and Equity Interests represented by the respective Rejecting Class will receive or retain any property under the Plan on account of such junior interest, and no holder of a Claim in a Class senior to the Rejecting Classes is receiving more than 100% recovery on account of its Claim.  Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by the Rejecting Classes.

V.  **Principal Purpose of Plan (11 U.S.C. § 1129(d))**.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

W.  **Good Faith Solicitation (11 U.S.C. § 1125(e))**.  The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Debtors, the Reorganized Debtors and other Released Parties have, as applicable, (a) solicited acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, Sections 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation and (b) participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and any

applicable non-bankruptcy law, rule or regulation in the offer and issuance of any securities under the Plan. Accordingly, each of the Released Parties is entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation, release and limitation of liability provisions and protections set forth in Article V of the Plan.

X. **Satisfaction of Confirmation Requirements.** Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

Y. **Retention of Jurisdiction.** This Court may properly retain jurisdiction over the matters set forth in Article XII of the Plan and as contemplated herein.

Z. **Findings Regarding Third-Party Releases and Related Provisions.** The release, exculpation and injunction provisions contained in the Plan, including, without limitation, those contained in Article V of the Plan, (i) have been negotiated in good faith and at arms' length, (ii) are consistent with Sections 105, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code and applicable caselaw, and (iii) are each necessary for the Debtors' successful reorganization and are integral to the structure of the Plan and formed part of the agreement among all parties in interest embodied therein. The release, exculpation and injunction provisions contained in the Plan are fair and equitable, confer material benefits on the Debtors' estates, and are in the best interests of the Debtors and their estates, their creditors, holders of Equity Interests, and the Reorganized Debtors.

AA. **Exit Credit Documents.** The Exit Credit Documents and the Term Loan and revolving loan facility created thereby (collectively, the "Exit Credit Facility") are essential elements of the Plan, and entry into the Exit Credit Documents is in the best interests of the Debtors, their estates, their creditors, holders of Equity Interests, and the Reorganized Debtors. The Debtors have exercised reasonable business judgment in determining to enter into the Exit

Credit Documents on the terms set forth therein. The Debtors have provided sufficient and adequate notice of the Exit Credit Documents to all parties-in-interest. The Exit Credit Documents shall, upon execution, be valid, binding, and enforceable and shall not be in conflict with any federal or state law.

BB. **The Reorganized Debtors Will Not Be Insolvent Nor Left With Unreasonably Small Capital.** As of the occurrence of the Effective Date and after taking into account the transactions contemplated by the Plan, (a) the present fair saleable value of the property of the Reorganized Debtors will be not less than the amount that will be required to pay the probable liabilities on the Reorganized Debtors' then-existing debts as they become due and payable and (b) the Reorganized Debtors' capital will not be unreasonably small in relation to their business or any contemplated or undertaken transaction.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Confirmation of the Plan.** The Plan is approved and confirmed under Section 1129 of the Bankruptcy Code. Each of the terms and conditions of the Plan, and the exhibits and schedules thereto, are an integral part of the Plan and are incorporated by reference into this Confirmation Order. The Plan complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local bankruptcy rules of this Court relating to and regarding confirmation. The Plan, as modified by the Plan Modifications, is deemed accepted by all creditors who have previously accepted the Plan and such acceptances cannot be withdrawn, and the Debtors are not required to prepare or distribute a new disclosure statement with respect to the Plan Modifications.

2.    **Objections.**  The Objection of Mark Armstrong [D.I. 161] is overruled on the merits and for the reasons set forth on the record at the Confirmation Hearing.

3.    Plan **Modification.**  Section 3.4 of the Plan entitled "Class 1:  Pre-Petition First Lien Secured Claims" shall be and hereby is modified by inserting, in the third paragraph thereof, the following at the end of the final parenthetical phrase at the end of the first sentence:

", provided that such holders who do not so express their choice shall receive Class C Units."

4.    **Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent.**  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

5.    **Binding Effect.**  Pursuant to Section 1141 and the other applicable provisions of the Bankruptcy Code, effective as of the Effective Date and without limiting or altering Article XI, § 11.2 of the Plan, the provisions of the Plan (including the exhibits and schedules to, and all documents and agreements executed pursuant to or in connection with, the Plan) and this Confirmation Order shall be binding on (a) the Debtors, (b) all holders of Claims against and Equity Interests in the Debtors, whether or not impaired under the Plan and whether or not such holders have accepted or rejected the Plan, (c) each Person or Entity receiving, retaining or otherwise acquiring property under the Plan, (d) any non-Debtor party to an executory contract or unexpired lease with the Debtors, (e) any Person or entity making an appearance in these Chapter 11 Cases or any other party-in-interest in these Chapter 11 Cases, and (f) each of the foregoing's respective Related Persons.

6.    **Claims Arising Under the DIP Facility Credit Agreement.**  Except to the extent that a holder of an Allowed DIP Facility Claim and the Debtors, or the Reorganized Debtors, as the case may be, agree to a different treatment, each Allowed DIP Facility Claim, if

any, shall be paid in full in Cash on the Effective Date. On the Effective Date, all financing commitments under the DIP Facility shall have terminated.

7. **Corporate Existence.** The Debtors shall continue to exist after the Effective Date as separate corporate entities, with all the powers of a corporation pursuant to the applicable laws in the states in which they were organized in and pursuant to the Amended Certificates, Amended Bylaws, and/or Operating Agreement.

8. **Vesting of Assets in the Reorganized Debtors.** Except as otherwise provided in the Plan, this Confirmation Order or the Exit Credit Documents (including the Liens and security interest granted or assumed thereunder), on and after the Effective Date, all property and assets of the Debtors and their Estates (including, without limitation, Causes of Action and, unless otherwise waived pursuant to an order of this Court, actions pursuant to chapter 5 of the Bankruptcy Code) and any property and assets acquired by the Debtors pursuant to the Plan or during the Chapter 11 Cases shall vest in the Reorganized Debtors, free and clear of any and all Liens, Claims, Equity Interests, charges or other encumbrances. Except as otherwise provided in the Plan, this Confirmation Order or the Exit Credit Documents, on and after the Effective Date, the Reorganized Debtors may (i) operate their businesses, (ii) use, acquire, transfer or dispose of property

9. **Release of Liens, Claims and Equity Interests.** Except as otherwise provided in the Plan, this Confirmation Order or the Exit Credit Documents (including Liens and security interests granted or assumed thereunder), or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all Liens, Claims, Equity Interests, mortgages, deeds of trust, or other security interests against the

property of the Estates shall be fully released, terminated, extinguished and discharged, in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person. Any Person holding such Liens or interests shall, pursuant to Section 1142 of the Bankruptcy Code, promptly execute and deliver to the Reorganized Debtors such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Reorganized Debtors.

10. **New Equity.** On or as soon as practicable after the Effective Date, the Reorganized Debtors shall distribute the LLC Units contemplated in the Plan, including without limitation, the NewCo LLC Equity, which shall be distributed as referenced in the Plan.

11. **Restructuring Transactions.** The Debtors are authorized to consummate the means for implementation of the Plan described in Article IV of the Plan, subject to the terms and conditions set forth therein and in this Confirmation Order.

12. **Distributions Exempt from Securities Laws.**

(a) On the Effective Date, each of the Reorganized Debtors are authorized to and shall issue, as applicable, the NewCo LLC Equity, New Equity and New Summit Equity, and the Term Loan under the Exit Credit Documents and any and all other securities, notes, stock, instruments, certificates, and other documents or agreements required to be issued, executed or delivered pursuant to the Plan (collectively the "New Securities and Documents"), in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person or entity. The issuance of the New Securities and Documents and the distribution thereof under the Plan, shall be exempt from registration under applicable securities laws pursuant to Section 1145(a) of

the Bankruptcy Code. Without limiting the effect of Section 1145 of the Bankruptcy Code, all documents, agreements, and instruments entered into and delivered on or as of the Effective Date contemplated by or in furtherance of the Plan and any other agreement or document related to or entered into in connection with any of the foregoing, shall become effective and binding in accordance with their respective terms and conditions upon the parties thereto, in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person (other than as expressly required by such applicable agreement).

(b)     Upon the Effective Date, after giving effect to the transactions contemplated hereby, the authorized capital stock or other equity securities of the Reorganized Debtors shall be that number of shares of NewCo LLC Equity, New Equity and New Summit Equity, as applicable, as may be designated in the respective Amended Bylaws, Amended Certificates, and/or Operating Agreements.

13.     **Restructured Credit Facility and Exit Credit Documents.** On the Effective Date, the Reorganized Debtors shall be authorized to execute and deliver the Exit Credit Documents, and perform their obligations under the Exit Credit Documents and all transactions contemplated thereby, including, without limitation, all actions to be taken, undertakings to be made, and obligations to be incurred by the Reorganized Debtors in connection therewith, including the payment of all fees, indemnities, and expenses provided therein, in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person (other than as expressly required by any applicable Exit Credit Document), in each case consistent with the Plan, the Exit Credit Documents or otherwise on terms and conditions acceptable to the

applicable agent(s) under the Exit Credit Documents). The Exit Credit Documents, and the obligations incurred or assumed thereunder and the Liens and security interests granted or assumed thereunder shall constitute legal, valid, binding, and authorized obligations, Liens and security interests of the Reorganized Debtors, enforceable in accordance with their terms. The loans and other financial accommodations to be assumed or extended pursuant to the Exit Credit Documents are being assumed or extended, and shall be deemed to have been assumed or extended, in good faith, for legitimate business purposes, are reasonable, shall not be subject to recharacterization for any purposes whatsoever, and shall not constitute preferential transfers or fraudulent conveyances under the Bankruptcy Code or any other applicable non-bankruptcy law. None of the Liens and security interests to be granted or assumed in accordance with the Exit Credit Documents shall be subject to recharacterization or equitable subordination for any purposes whatsoever or shall constitute preferential transfers or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy law. The Liens and security interests to be granted or assumed by the Reorganized Debtors pursuant to the terms of the Exit Credit Documents shall be deemed perfected on the Effective Date. The terms of the Exit Credit Documents, together with the payment of fees and expenses thereunder, are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by equivalent value and fair consideration. After the Effective Date, the Court shall not retain jurisdiction with respect to matters arising under the Exit Credit Documents.

14. **NewCo LLC Equity.** On the Effective Date, the Reorganized Debtors shall be authorized and directed to enter into and consummate the transactions contemplated by the Article IV, § 4.8 (Issuance of New Equity Interests) and § 4.12 (Sources of Liquidity) and such documents, and any agreement or document entered into in connection therewith, shall become

effective and binding in accordance with their respective terms and conditions upon the parties thereto, in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person (other than as expressly required by such documents).

15. **Discharge of the Debtors**. To the fullest extent provided under Section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan, this Confirmation Order, or the Exit Credit Documents, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any kind or nature whatsoever against the Debtors, the Debtors' Estates or any of their assets or properties, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims. Except as otherwise expressly provided by the Plan, this Confirmation Order, or the Exit Credit Documents, upon the Effective Date, the Debtors and Debtors' Estates shall be deemed discharged and released under, and to the fullest extent provided by, Section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in Section 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (i) a proof of the claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (ii) such claim is allowed under Section 502 of the Bankruptcy Code; or (iii) the holder of such claim has accepted or rejected the Plan (or failed to vote on the Plan).

16. **Releases, Exculpation and Limitation of Liability.** The releases, exculpation and limitation of liability provisions contained in the Plan, including, but not limited to, those

provided in Article V of the Plan, (i) were integral to the agreement among various parties in interest and are essential to the formulation and implementation of the Plan, as provided in Section 1123 of the Bankruptcy Code; (ii) were given for valuable consideration; (iii) confer substantial benefits on the Debtors' Estates; (iv) are fair, equitable, and reasonable; (v) are in the best interests of the Debtors, their Estates and other parties in interest. Based upon the record of these chapter 11 cases, the Court finds that the releases and exculpation set forth in the Plan are consistent with the Bankruptcy Code and applicable law and are hereby approved and shall be effective and binding on all persons and entities, to the extent provided therein.

17.     **Injunctions.** The injunctions contained in the Plan, including, but not limited to, those provided in Article V, §5.4 of the Plan, are hereby authorized, approved and binding on all Persons and entities described therein. Except as otherwise provided in the Plan, this Confirmation Order, the Exit Credit Documents, or in any document, instrument, release, or other agreement entered into in connection with the Plan or approved by order of this Court, and without limiting or altering Section 524(a) of the Bankruptcy Code, this Confirmation Order constitutes an injunction from and after the Effective Date restraining all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors from taking any of the following actions against any of the Debtors, the Reorganized Debtors, the Estates, or any of their respective assets or property:  (A) commencing or continuing, in any manner or in any place, any action or other proceeding with respect to any such Claims or Equity Interests; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order with respect to any such Claims or Equity Interests; (C) creating, perfecting, or enforcing any Lien or encumbrance with respect to any such Claims or Equity Interests; (D) asserting a setoff or right of subrogation of any kind against any debt, liability or obligation due to the

Debtors with respect to any such Claims or Equity Interests; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan with respect to any such Claims or Equity Interests; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Plan, this Confirmation Order or in any document, instrument, release, or other agreement entered into in connection with the Plan or approved by order of this Court. All injunctions or stays provided for in these Chapter 11 Cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

18.     **Assumed Contracts and Leases.**

(a)     **Generally.** As of the Effective Date, all executory contracts or unexpired leases listed in any Plan Supplement shall be and shall be deemed to be rejected in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code. All executory contracts or unexpired leases of the Reorganized Debtors not listed on Exhibit 1 hereto, and not otherwise the subject of a pending objection or pleading seeking to reject or otherwise contesting the executory contract or unexpired lease, are hereby assumed as of the Effective Date in accordance with the provisions and requirements of Sections 365 and 1123 of the Bankruptcy Code. Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such assumptions and rejections pursuant to Section 365(a) and 1123 of the Bankruptcy Code. Each executory contract and unexpired lease assumed pursuant to the Plan shall revest in and be fully enforceable by the Reorganized Debtors in accordance with its terms, except as modified by the provisions of the Plan, or any order of the Bankruptcy Court authorizing and providing for its assumption or applicable federal law.

(b)    **Assumption of Director and Officer Insurance Policies.**  The Debtors,
and upon the Effective Date, the Reorganized Debtors, shall assume all of the D&O liability
insurance policies pursuant to Section 365(a) of the Bankruptcy Code.    Entry of this
Confirmation Order shall constitute this Court's approval of the Debtors' foregoing assumption
of each of the D&O liability insurance policies, each of which shall be deemed to be an Assumed
Contract.  Notwithstanding anything to the contrary contained herein, confirmation of the Plan
shall not discharge, impair or otherwise modify any indemnity obligations assumed by the
foregoing assumption of the D&O liability insurance policies, and each such indemnity
obligation shall be deemed and treated as an Assumed Contract hereunder as to which no Proof
of Claim or cure claim need be filed.  Notwithstanding anything to the contrary contained herein,
confirmation of the Plan shall not impair or otherwise modify any rights of the Reorganized
Debtors under the D&O liability insurance policies.

(c)    **Indemnification Provisions.**  Except as otherwise provided herein, all
indemnification provisions currently in place (whether in the by-laws, certificate of
incorporation, board resolutions, contracts, or otherwise) for the directors, officers and
employees of the Debtors who served in such capacity as of the Petition Date with respect to or
based upon any act or omission taken or omitted in such capacities, for or on behalf of the
Debtors, will be Reinstated (or assumed, as the case may be), and shall survive confirmation and
consummation of the Plan and the occurrence of the Effective Date as obligations of the
Reorganized Debtors.

(d)    **Compensation and Benefit Programs.**  Except as otherwise provided in
the Plan or herein, all employment and severance policies, and all compensation and benefit
plans, policies, and programs of the Debtors applicable to their employees, retirees, and non-

employee directors and the employees and retirees of their respective subsidiaries, including, without limitation, all savings plans, retirement plans, healthcare plans, disability plans, severance benefit plans, incentive plans, life, and accidental death and dismemberment insurance plans, are treated as Assumed Contracts under the Plan and on the Effective Date will be assumed pursuant to the provisions of Sections 365 and 1123 of the Bankruptcy Code. Any payment obligations under any assumed employment contracts and benefit plans that have been or purport to have been accelerated as a result of the commencement of these Chapter 11 Cases or the consummation of any transactions contemplated by the Plan shall be Reinstated and such acceleration shall be rescinded and deemed not to have occurred.

(e) **Workers' Compensation Programs.** Except as otherwise provided in the Plan or herein, as of the Effective Date, the Debtors and the Reorganized Debtors shall continue to honor their obligations under: (i) all applicable workers' compensation laws in states in which the Reorganized Debtors operate; and (ii) the Debtors' written contracts, agreements, agreements of indemnity, self-insured workers' compensation bonds, and any other policies, programs, and plans regarding or relating to workers' compensation and workers' compensation insurance. All such contracts and agreements are treated as Assumed Contracts under the Plan and on the Effective Date will be assumed pursuant to the provisions of Sections 365 and 1123 of the Bankruptcy Code. Notwithstanding anything to the contrary contained herein, confirmation of the Plan shall not impair or otherwise modify any rights of the Reorganized Debtors under any such contracts, agreements, policies, programs or plans regarding or relating to workers' compensation or workers' compensation insurance.

19. **Approval of Assumed Contracts.**

(a)     **Court Approval.**  The Debtors' assumption of the Assumed Contracts is hereby approved.  The Assumed Contracts shall remain in full force and effect for the benefit of the Reorganized Debtors, notwithstanding any provision in such Assumed Contract (including, without limitation, those described in Sections 365(b), (c), (e) and (f) of the Bankruptcy Code) or under applicable non-bankruptcy law that purports to (a) terminate, modify, or restrict, or permit the applicable non-Debtor party to terminate, modify or restrict, such contract or lease or the Debtors' rights, benefits and privileges thereunder; (b) create or impose, or permit the applicable non-Debtor party to create or impose, any additional duties, obligations, penalties, default rates of interest or payments (monetary and non-monetary) upon the Debtors or Reorganized Debtors, in either case as a result of or in connection with (i) the filing of a petition for relief under Chapter 11 of the Bankruptcy Code by the Debtors or (ii) the Debtors' insolvency or financial condition at any time before the Chapter 11 Cases are closed, and/or (c) prohibit, condition, or restrict assignment or transfer of such contract or lease by the Debtors.

(b)     **Cure Disputes.**  Any counterparty to an Assumed Contract that fails to object timely to the proposed assumption or cure amount is hereby deemed to have assented to such matters and is deemed to have forever released and waived any objection to the proposed assumption and cure amount.  The amounts, if any, due by the Debtors pursuant to each Assumed Contract that are required to be paid as cure under Section 365 of the Bankruptcy Code shall be satisfied by payment of such amount in Cash on the Effective Date, or as soon thereafter as is practicable, or on such other terms as the parties to such Assumed Contract may otherwise agree in writing.  In the event of a dispute regarding the amount and timing of any cure payments, the Debtors and applicable non-Debtor parties shall promptly confer after the Effective Date to attempt to resolve any such dispute consensually without further order of this

Court. In the event such dispute cannot be resolved consensually by the applicable parties, then the Debtors shall, within thirty (30) days after the Effective Date, file a notice of dispute with this Court (and promptly serve such notice on the applicable counter-party) and such dispute shall be set for a status conference at the next scheduled omnibus hearing in these jointly administered Chapter 11 Cases, with subsequent evidentiary hearings to be established by this Court as and if necessary. The payments, if any, or other actions, if any, that this Court determines the Debtors are required to pay or otherwise perform to assume the applicable Assumed Contract pursuant to Section 365(b)(1) of the Bankruptcy Code shall be promptly paid or undertaken as required by Final Order resolving the applicable dispute. If an objection to the proposed cure amount is sustained by Final Order of this Court, the Debtors or Reorganized Debtors, as applicable, in its sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming it by filing written notice thereof with this Court, and serving such notice on the applicable counter-party, within thirty (30) days of the entry of such Final Order.

20. **Approval of Rejected Contracts.** All of the executory contracts and unexpired Leases of the Debtors that are identified on Plan Exhibit 1, or that are otherwise rejected pursuant to the terms of the Plan, this Confirmation Order, or other order of court (collectively, the "Rejected Contracts") are rejected by the Debtors and such rejection is hereby approved by this Court effective as of the Effective Date (the "Rejection Date"); provided that, with respect to the rejection of any unexpired lease of non-residential real property, such Rejection Date shall occur on the later of (i) the Effective Date or (ii) the date on which the Debtors have vacated the applicable leased premises. All proofs of claim with respect to Claims arising from or in connection with the Rejected Contracts, if any, must be filed with this Court within thirty (30) days after the applicable Rejection Date (such Claims, the "Rejection Claims"). Any and all

Rejection Claims not filed within such time will be forever barred from assertion against the applicable Debtors or Reorganized Debtors, their Estates, or property unless otherwise ordered by this Court or provided for in the Plan. All Rejection Claims shall, as of the Effective Date, be subject to the permanent injunction set forth in the Plan and this Confirmation Order.

21. **Corporate Action**

(a)     Pursuant to Section 1142(b) of the Bankruptcy Code, each of the Debtors or the Reorganized Debtors, as applicable, may take any and all actions to execute, deliver, file or record such contracts, instruments, notes, releases and other agreements or documents (including, without limitation, the Exit Credit Documents) and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan, including, in each case without further notice to, hearing before or order of this Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, officers or directors or managers of the Debtors or the Reorganized Debtors, as applicable or by any other Person (except for those expressly required pursuant hereto or the Plan).

(b)     Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to the Plan or the transactions contemplated therein that would otherwise require approval of the stockholders, directors or members of the Debtors (as of or prior to the Effective Date) shall be deemed to have been so approved and shall be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the stockholders, directors, managers or partners of the Debtors, or the need for any approvals, authorizations, actions or consents of any Person.

(c)     On the Effective Date, the appropriate officers of the Debtors and the Reorganized Debtors, as applicable, are authorized to issue, execute, and deliver, and consummate the transactions contemplated by, the contracts, agreements, documents, guarantees, notes, pledges, consents, securities, certificates, resolutions and instruments contemplated by or described in the Plan (including, without limitation, the Exit Credit Documents), and to perform any and all other acts or actions that are necessary or appropriate to comply with or consummate the terms and conditions of the Plan, in each case in the name of and on behalf of the Debtors and the Reorganized Debtors, as applicable, in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.  The secretary and any assistant secretary of the Debtors or the Reorganized Debtors, as applicable, shall be authorized to certify or attest to any of the foregoing actions.

22.     **Authority to Act.**  The Debtors and the Reorganized Debtors, and their respective officers and directors or managers, are authorized and empowered pursuant to Section 303 of the Delaware General Corporation Law and other applicable corporation, limited liability company and limited partnership laws, to take any and all actions necessary or desirable to implement the transactions (including, without limitation, the Restructured Credit Facility) contemplated by the Plan and this Confirmation Order, in each case without any requirement of further vote, consent, approval, authorization or other action by the stockholders, security holders, officers, directors, partners, managers, members or other applicable owners or notice to, order of, or hearing before this Court.

23.     **Exemption From Transfer Taxes.**  Pursuant to Section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer, or exchange (or deemed issuance, transfer or

exchange) of notes or equity securities under the Plan, this Confirmation Order, or the Exit Credit Documents, including, without limitation, the NewCo LLC Equity, New Equity, and the New Summit Equity; (b) the creation, attachment or perfection of any mortgage, deed of trust, Lien, pledge, or other security interest, including pursuant to the Exit Credit Documents; (c) the making or assignment of any lease or sublease; or (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, this Confirmation Order, the Exit Credit Documents (including, without limitation, any merger agreements, agreements of consolidation, restructuring, disposition, liquidation, or dissolution, deeds, bills of sale, and transfers of tangible property), will not be subject to, and are hereby exempted from, any stamp or similar tax. Except as otherwise ordered by this Court, all sales, transfers, and assignments of owned and leased property approved by this Court on or prior to the Effective Date, shall be deemed to have been in furtherance of, or in connection with, the Plan. The Court shall retain specific jurisdiction with respect to these matters.

24.     **Bar Date for Administrative Claims.** Except as otherwise provided herein or in the Plan, unless previously filed or paid, requests for payment of Administrative Claims must be filed with this Court and served on the Reorganized Debtors pursuant to the procedures specified in the notice of entry of this Confirmation Order, substantially in the form attached hereto as Exhibit 2 (the "Notice of Confirmed Plan"), by no later than the sixtieth (60th) day after the Effective Date (the "Administrative Claims Bar Date"). Holders of Administrative Expense Claims that are required to file and serve a request for payment of such Administrative Expense Claims that do not file and serve such a request by the Administrative Claims Bar Date shall be forever barred, estopped and enjoined from asserting such Administrative Expense Claims against the Debtors or the Reorganized Debtors or their Estate and property. All Administrative

Expense Claims shall, from and after the Administrative Claims Bar Date, be subject to the permanent injunction set forth in the Plan and this Confirmation Order. Any objections to such requests for payment of Administrative Expense Claims must be filed with this Court and served on the Reorganized Debtors and the requesting party no later than the one hundred twentieth (120th) day after the Effective Date, as the same may be modified or extended from time to time by order of this Court.

25. **Professional Fee Claims.**

(a) **Professional Fees Bar Date.** The professionals (the "Professionals") holding Professional Fee Claims for services rendered before the Effective Date must file with this Court and serve on the Reorganized Debtors and such other Persons designed by this Confirmation Order an application for final allowance of such Professional Fee Claim by no later than the Business Day that is sixty (60) days after the Effective Date, or such other date as approved by order of this Court (the "Professional Fees Bar Date"); provided that the Reorganized Debtors shall pay Professionals in the ordinary course of business for any work performed on and after the Effective Date, including those fees and expenses incurred by Professionals in connection with the implementation and consummation of the Plan, in each case without further application or notice to, hearing before or order of this Court; provided, further, that any professional who may receive compensation or reimbursement of expenses pursuant to the Order of Court authorizing the Debtors to employ and compensate professionals utilized by the Debtors in the ordinary course of business (the "Ordinary Course Professionals Order") [D.I. 107] may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date, without further Court order, pursuant to the Ordinary Course Professionals Order. Each Holder of an Allowed Professional Fee Claim shall be paid by the

Reorganized Debtors in Cash within five (5) Business Days of entry of the order approving such Allowed Professional Fee Claim.

      **(b) <u>Payments on Effective Date</u>**.  Notwithstanding the foregoing, the Debtors shall, on the Effective Date, pay the reasonable fees and expenses (whether accrued prepetition or postpetition) including all accrued and unpaid reasonable attorney fees and expenses, without application by or on behalf of any such parties to this Court, and without notice and a hearing of: (i) Mayer Brown, LLP and Womble Carlyle Sandridge & Rice, respective counsel to the Pre-Petition First Lien Agent and DIP Agent; (ii) Sidley Austin LLP, counsel to the Administrative Agent for the Revolving Lenders; and (iii) Morgan Lewis, LLP, special counsel to the participants in the Management Incentive Plan; <u>provided</u> however that, if the Debtors or Reorganized Debtors and any such Person cannot agree on the amount of fees and expenses to be paid to such party, the reasonableness of any such fees and expenses shall be determined by this Court.

      (b)    **<u>Service of Final Fee Applications</u>.**  All final fee applications of Professionals shall be filed with this Court and actually served on or prior to the Professional Fees Bar Date upon the following parties (collectively, the "<u>Notice Parties</u>") (i) Reed Smith LLP, Counsel to the Debtors, 1201 N. Market Street, Suite 1500, Wilmington, Delaware, 19801 (Attn: Kimberly E.C. Lawson); (ii) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David Buchbinder); (iii) Mayer Brown, LLP, Counsel to the Pre-Petition First Lien Agent and DIP Agent, 71 S. Wacker Drive, Chicago, Illinois 60606 (Attn: John Voorhees); (iv) Bingham McCutchen, LLP, Counsel to the Pre-Petition Second Lien Agent, 399 Park Avenue, New York, New York 10022 (Attn:

Katherine G. Weinstein); and (v) Sidley Austin LLP, counsel to Administrative Agent for Revolving Lenders, One South Dearborn Street, Chicago, Illinois, 60603 (Attn: John Box).

    (c)    **Objections to and Hearing to Approve Final Fee Applications.** Any objection to any final fee application shall be filed with this Court, together with proof of service thereof, and served upon the applicable Professional and the other Notice Parties, so as to be actually received not later than 4:00 p.m. (prevailing Eastern Time) on the date that is twenty (20) days after such final fee application is filed with this Court and served upon the Notice Parties (the "Professional Fees Objection Deadline"). Only those objections made in writing and timely filed and received by the Professional Fees Objection Deadline will be considered by this Court. If no objection to a final fee application is timely filed and served in accordance with the procedures set forth herein, then this Court may enter a final order approving such uncontested final fee application without further notice and the Reorganized Debtors may pay the amounts described in such uncontested final fee application (or if any final fee application is the subject of an objection, the Reorganized Debtors may pay the undisputed amounts described in such final fee application). The hearing to consider approval of the final fee applications, if necessary, will be held as soon as reasonably practicable after the expiration of the Professional Fees Objection Deadline and the date of such hearing will be promptly provided to the applicable Professional and Notice Parties.

    **26.**    **Resolution of Disputed Claims.** Except as otherwise ordered by this Court, any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of this Confirmation Order and the Plan, including, without limitation, Article VIII of the Plan.

27.     **No Distributions Pending Allowance.**  Notwithstanding any other provision of the Plan or this Confirmation Order to the contrary, no payments or distributions of any kind or nature shall be made with respect to all or any portion of a Disputed Claim or Equity Interest unless and until all objections to such Disputed Claim or Equity Interest have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim or Equity Interest has become an Allowed Claim or Equity Interest.

28.     **Payment of Statutory Fees.**  All outstanding fees payable pursuant to Section 1930 of title 28, United States Code shall be paid on, or as soon as reasonably practicable after, the Effective Date.  All such fees payable after the Effective Date shall be paid prior to the closing of the Chapter 11 Cases when due or as soon thereafter as practicable.

29.     **Termination of Equity Interests.**  On the Effective Date, except as otherwise provided in the Plan or this Confirmation Order, the Equity Interests in the Debtors shall be terminated, cancelled and extinguished.

30.     **Notice of Confirmed Plan.**  In accordance with Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), as soon as reasonably practicable after the Confirmation Date, the Debtors shall serve the Notice of Confirmed Plan by first-class mail, postage prepaid on all known creditors, equity security holders, and other parties in interest in these Chapter 11 Cases; provided, however, that such notice need not be given or served under or pursuant to the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court or this Confirmation Order to any Person to whom the Debtors mailed a notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved-left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Person of that Person's new mailing address.  The notice

described herein is adequate and appropriate under the particular circumstances and no other or further notice is necessary or required.

**31.** **No Liability for Released Parties.** Based on the factual findings described in this Confirmation Order, the Released Parties are not, and on account of or with respect to the offer or issuance of any security under the Plan, and/or solicitation of votes on the Plan, will not be, liable at any time for any violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of any securities under the Plan. The Released Parties have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court and all other applicable rules, laws, and regulations and are, therefore, entitled to, and are hereby granted, the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation, release and limitation of liability provisions set forth in Article V of the Plan.

**32.** **Substantial Consummation.** "Substantial Consummation" of the Plan, as defined in 11 U.S.C. § 1101(2), shall be deemed to occur on the Effective Date.

**33.** **Estimation Proceedings and Other Rights.** Any and all rights of the Debtors and Reorganized Debtors under Section 502(c) and Section 502(e) of the Bankruptcy Code are reserved.

**34.** **Reversal or Modification of Confirmation Order.** Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated or stayed by subsequent order of this Court, or any other court of competent jurisdiction, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority or Lien

incurred or undertaken by the Debtors or the Reorganized Debtors, as applicable, prior to the date that the Debtors received actual written notice of the effective date of such reversal, stay, modification or vacatur. Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the date that the Debtors received actual written notice of the effective date of such reversal, stay, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan, or any amendments or modifications thereto, in effect prior to the date that the Debtors received such actual written notice.

35.     **Failure to Consummate Plan.** If Substantial Consummation of the Plan does not occur, the Plan shall be null and void in all respects and nothing contained in this Confirmation Order, the Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any claims by or Claims against or Equity Interests in the Debtors; (2) prejudice in any manner the rights of the Debtors, any holders of Claims or Equity Interest or any other Person; (3) constitute an Allowance of any Claim or Equity Interest; or (4) constitute an admission, acknowledgment, offer or undertaking by the Debtors, any holders of Claims or Interests or any other Person in any respect.

36.     **Retention of Jurisdiction.** Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, and except as provided in Paragraphs 14 and 15 hereof, this Court shall retain jurisdiction over the Chapter 11 Cases and all matters arising under, arising in, or related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction over the matters set forth in Article XII of the Plan. This Court shall retain

jurisdiction to hear and determine all matters arising from the implementation of this Confirmation Order.

37. **Headings**. The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

38. **Distribution Record Date**. Notwithstanding anything to the contrary in the Plan, the "Distribution Record Date" shall mean the date the Confirmation Order is entered.

39. **Existing Board of Directors or Managers**. The existing board of directors or managers of the Debtors, as applicable, will be deemed to have resigned on and as of the Effective Date, in each case without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Person.

40. **References to Plan Provisions**. The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan (and the exhibits and schedules thereto) be confirmed in its entirety and incorporated herein by reference.

41. **Confirmation Order Controlling**. If there is any conflict or inconsistency between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control and govern.

42. **Immediate Effectiveness of this Confirmation Order**. Pursuant to Bankruptcy Rule 3020(e), the fourteen (14) day stay of this Confirmation Order imposed thereby is waived and the Debtors are hereby authorized to consummate the Plan and the transactions contemplated

thereby immediately upon the entry of this Confirmation Order upon the docket and upon the satisfaction or waiver of the conditions set forth in Article X of the Plan.

Dated: May ___5___, 2011
      Wilmington, DE

THE HONORABLE PETER J WALSH
UNITED STATES BANKRUPTCY JUDGE